# E. I. DU PONT DE NEMOURS POWDER COMPANY ET AL. *v.* MASLAND ET AL.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 210.   Argued May 4, 1917.—Decided May 21, 1917.

In a suit to enjoin defendant from using or disclosing secret processes of plaintiff's business, defendant, while in effect conceding that he learned them through his former confidential employment by plaintiff, denied that they were secret and insisted on his right to use them as processes well known to the trade and to reveal them to expert witnesses in making his defense. *Held,* that, during the taking of proofs, defendant might properly be enjoined from disclosing the

processes to experts or other witnesses, the restraint not extending to his own counsel, and that the trial judge in his discretion might reveal them to such persons, at such times, and under such precautions as he might deem necessary in the progress of the case.

In such a case the right of the defendant to make a full defense is limited by his duty to abstain from any fraudulent abuse of the trust which was reposed in him by the plaintiff.

The word "property," as applied to trade-marks and trade secrets, is an unanalyzed expression of certain secondary consequences of the primary fact that the law makes some rudimentary requirements of good faith.

224 Fed. Rep. 689, reversed.

THE case is stated in the opinion.

*Mr. Edwin J. Prindle,* with whom *Mr. Warren H. Small, Mr. John P. Laffey* and *Mr. Kenneth S. Neal* were on the brief, for petitioners.

*Mr. George Wharton Pepper,* with whom *Mr. John G. Johnson* and *Mr. Frank Smith* were on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to prevent the defendant Walter E. Masland from using or disclosing secret processes the knowledge of which was acquired by the defendant while in the plaintiffs' employ. The defendant admits that he intends to manufacture artificial leather, to which some of the plaintiffs' alleged secret processes relate, but denies that he intends to use any inventions, trade secrets, or secret processes of the plaintiffs that he may have learned in any confidential relation, prefacing his denial, however, with the averment that many of the things claimed by the plaintiffs are well known to the trade. A preliminary injunction was refused at first. 216 Fed. Rep. 271. But before the final hearing the defendant proposed to employ

one or more experts and to make such disclosures to them
as the preparation of the defence might require.   There-
upon the District Court issued a preliminary injunction
against disclosing any of the plaintiffs' alleged processes
to experts or witnesses during the taking of proofs, but
excepting counsel, with leave to move to dissolve the in-
junction if occasion to consult experts arose.   Later a
motion to dissolve was denied and the hearing was con-
tinued for a decision by the Appellate Court.   222 Fed.
Rep. 340.   The Circuit Court of Appeals reversed the
decree.   224 Fed. Rep. 689.   Before any further order
was entered the writ of certiorari was granted by this
court.

The case has been considered as presenting a conflict
between a right of property and a right to make a full
defence, and it is said that if the disclosure is forbidden
to one who denies that there is a trade secret, the merits
of his defence are adjudged against him before he has a
chance to be heard or to prove his case.   We approach
the question somewhat differently.   The word property
as applied to trade-marks and trade secrets is an unan-
alyzed expression of certain secondary consequences of
the primary fact that the law makes some rudimentary
requirements of good faith.   Whether the plaintiffs have
any valuable secret or not the defendant knows the facts,
whatever they are, through a special confidence that he
accepted.   The property may be denied but the confidence
cannot be.   Therefore the starting point for the present
matter is not property or due process of law, but that the
defendant stood in confidential relations with the plain-
tiffs, or one of them.   These have given place to hostility,
and the first thing to be made sure of is that the defendant
shall not fraudulently abuse tne trust reposed in him.
It is the usual incident of confidential relations.   If there
is any disadvantage in the fact that he knew the plaintiffs'
secrets he must take the burden with the good.

The injunction asked by the plaintiffs forbade only the disclosure of processes claimed by them, including the disclosure to experts or witnesses produced during the taking of proofs—but excepting the defendant's counsel. Some broader and ambiguous words that crept into the decree, seemingly by mistake, may be taken as stricken out and left on one side. This injunction would not prevent the defendant from directing questions that should bring out whatever public facts were nearest to the alleged secrets. Indeed it is hard to see why it does not leave the plaintiffs' rights somewhat illusory. No very clear ground as yet has been shown for going further. But the judge who tries the case will know the secrets, and if in his opinion and discretion it should be advisable and necessary to take in others, nothing will prevent his doing so. It will be understood that if, in the opinion of the trial judge, it is or should become necessary to reveal the secrets to. others it will rest in the judge's discretion to determine whether, to whom, and under what precautions, the revelation should be made.

*Decree reversed and case remanded for further proceedings in conformity with this opinion.*