## SANDLIN et al. v. JOHNSON.

No. 12702.

Circuit Court of Appeals, Eighth Circuit.

March 27, 1944.

Tyree G. Newbill, of Kansas City, Mo., and Reuben Singer, of Philadelphia, Pa. (W. Arnold Brannock, Jr., of Kansas City, Mo., on the brief), for appellants.

Charles W. Gerard, of Kansas City, Mo. (Roy E. Hamilton, of Kansas City, Mo., on the brief), for appellee.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The action is one for an injunction, accounting of profits, and damages, for using and disclosing an improvement in a poultry-picking device, which plaintiffs claimed to have discovered and kept a trade secret, but which they had revealed to defendant in alleged confidence during licensing negotiations with him. The district court held that plaintiffs could have no possible cause of action against defendant, because the discovery did not constitute a patentable invention and hence it was immaterial whether "the ideas involved had been confidentially conveyed". This holding is erroneous.

■ The rule in Missouri, as well as generally, is that, though a trade secret be unpatentable, it will nevertheless be protected from use or disclosure by one to whom it has been revealed in confidence. Restatement, Torts, § 757; Germo Mfg. Co. v. Combs, 209 Mo.App. 651, 678, 240 S.W. 872, 881; Godefroy Mfg. Co. v. Lady Lennox Co., Mo.App., 134 S.W.2d 140, 141; Luckett v. Orange Julep Co., 271 Mo. 289, 196 S.W. 740; A. O. Smith Corp. v. Petroleum Iron Works Co., 6 Cir., 73 F.2d 531, 538, 539; Id., 74 F.2d 934; American Dirigold Corp. v. Dirigold Metals Corp., 6 Cir., 125 F.2d 446, 452; Peabody v. Norfolk, 98 Mass. 452, 458, 96 Am.Dec. 664; Stewart v. Hook, 118 Ga. 445, 45 S. E. 369, 370, 63 L.R.A. 255; Salomon v. Hertz, 40 N.J.Eq. 400, 2 A. 379, 380, 381.

■ "A trade secret may consist of any formula, [process,] pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement, Torts, § 757, comment b. The discoverer's property right[1] in a trade secret ceases prospectively to exist—except perhaps as against the continuing obligation of a contract, such as a licensing agreement—once the matter has become public property by a general disclosure on the part of the discoverer, or by a legitimate discovery and rightful general disclosure on the part of another. Cf. American Dirigold Corp. v. Dirigold Metals Corp., 6 Cir., 125 F.2d 446, 452; Godefroy Mfg. Co. v. Lady Lennox Co., Mo.App., 134 S.W.2d 140, 141. The fact, however, that another has legitimately discovered the trade secret will not permit one to whom a confidential disclosure has been made to violate the confidence, where the matter has not been generally disclosed by any of the discoverers, so as to have become public knowledge and property.

■■ It appears from the record that plaintiffs have made application for a patent on the improvement involved, and that this application is still pending. An application to patent a discovery is not of itself a general disclosure of the discoverer's secret, and hence is not a release of the obligation of a confidential disclosee. A. O. Smith Corp. v. Petroleum Iron Works Co., 6 Cir., 73 F.2d 531, 537. Rule 15 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A. Appendix, provides that "Pending applications are preserved in secrecy", and that "No information will be given, without authority, respecting the filing by any particular person of an application for a patent * * * or the subject matter of any particular application, unless it shall be necessary to the proper conduct of business before the office * * *." If a discovery is one which constitutes invention and for which a patent is issued, the right of further secrecy is, of course, lost, for a legal disclosure and public dedication have then been made, with a right of limited and temporary monopoly granted as the reward. See Grant v. Raymond, 31 U.S. 218, 242, 6 Pet. 218, 8 L.Ed. 376; Shaw v. Cooper, 32 U.S. 292, 320, 7 Pet. 292, 8 L.Ed. 689; Gayler v. Wilder, 51 U.S. 477, 10 How. 477, 497, 13 L.Ed. 504.

■ The evidence here would have supported a finding of confidential disclosure and violation. The issue, how-

---

[1] "The word 'property' as applied to trademarks and trade secrets is an unanalyzed expression of certain secondary consequences of the primary fact that the law makes some rudimentary requirements of good faith." Per Mr. Justice Holmes in E. I. Du Pont de Nemours Powder Co. v. Masland, 244 U.S. 100, 102, 37 S.Ct. 575, 576, 61 L.Ed. 1016.

ever, is one wholly for the trial court's determination on the evidence on a re-trial, as is also the question of the nature and extent of the relief to which plaintiffs may be entitled, if confidential disclosure and violation are found 'to exist. See Restatement, Torts, § 757, comment e.

The judgment is reversed generally, and the cause is remanded for a new trial.