**SANDLIN et al. v. JOHNSON.**

No. 1294.

District Court, W. D. Missouri, W. D.

Sept. 9, 1944.

Rueben Singer, of Philadelphia, Pa., and Newbill & Brannock and Charles W. Gerard, all of Kansas City, Mo., for plaintiff.

Roy E. Hamilton, of Kansas City, Mo., for defendant.

OTIS, District Judge.

This case now has been tried a second time. At the first trial judgment was against plaintiffs on plaintiffs' case and against defendant on the counterclaim. (The counterclaim has been dismissed.) The Court of Appeals reversed and remanded. Sandlin et al. v. Johnson, 8 Cir., 141 F.2d 660, 661. The law of the case as declared by that court, so far as applicable, must govern in the second trial. That court said, "though a trade secret be unpatentable, it will nevertheless be protected from use or disclosure by one to whom it has been revealed in confidence." Whether any trade secret was revealed in confidence by plaintiffs to defendant, the court said, is an "issue * * * wholly for the trial court's determination on the evidence on a retrial." There had been no finding of fact on that issue at the first trial.

At the second trial the same evidence as that received at the first trial was offered and, in addition, there was offered much new evidence. (The new evidence required a full day for its introduction; if certain depositions introduced had been read in court the new evidence would have required two days.)

Several defenses have been pleaded and earnestly urged upon us. However, the prime fact-issue is, Did plaintiffs make a confidential disclosure of a trade secret (or of trade secrets) to defendant?

We made no finding on this issue at the first trial because at that trial plaintiffs' counsel (as we recall it, in answer to a direct question from the bench) conceded plaintiffs were not entitled to recover unless plaintiffs' so-called "improvement" in a chicken picking machine was a patentable invention. Our memorandum, filed in the case February 8, 1943, written immediately after the first trial, recited that—"Learned counsel for plaintiffs concedes * * * that plaintiffs are entitled to no injunction unless they have proved that the patent was a patentable invention." Plaintiffs' motion for new trial, filed February 12, 1943, did not suggest that our statement was mistaken. On the contrary, plaintiffs' suggestions in support of the motion for new trial, filed February 18, 1943, declared in so many words: "The sole question in this case is that of patentability of plaintiffs' invention." And that was the question we decided. We have little doubt that the judgment at the first trial would have been affirmed if the Court of Appeals had known upon what theory the case had been submitted by the express election of plaintiffs.

It is difficult even now clearly to understand what was the "trade secret" plaintiffs "confidentially disclosed" to defendant. At the argument we put the direct question to plaintiffs' counsel. He said it was the form of the rubber finger and the clip. He was definite and specific about that. (This colloquy must be included in any record on appeal). Later he, who was chief counsel and who had all along been the legal adviser of plaintiffs, at the cautious suggestion of local counsel, modified his concession. It is clearly obvious, however, that counsel's frank and outright declaration that the secret was the form of the rubber finger and the clip, is the only contention he can stand by. All else in the assembly of parts, including the clip, was as old as the hills—or as old almost as chicken picking.

Entirely apart from whether there was any confidential disclosure of the rubber finger, our view is the form of that finger was not a trade secret. Every essential of that rubber finger, or improved rubber finger, was old. We thought it was not patentable at the first trial because there was no novelty about it. How can that be called a secret which is known to the wide world.

As to whether there was a confidential disclosure, the evidence was conflicting. Plaintiffs said, "Yes," defendant said

"No." Defendant impressed us as an honest, intelligent, fair man. The plaintiff who testified at the first trial (he was unable to be present at the second trial) did not quite so favorably impress us.

Of course the burden was on plaintiffs. The principal witnesses cancel each other if we assume they are of equal verity. We prefer, however, not to rely on the burden-of-proof rule. The balance turns in favor of defendant because circumstances suggest that there was no secrecy enjoined by plaintiffs either on defendant or on others. Before plaintiffs had shown defendant their machine they had shown it to others, with no pledge of secrecy, and it had been described by others in writing to defendant. Plaintiffs instructed defendant to do many things requiring public revelation of the machine (to have it manufactured, to sell it to the public, to put it on exhibition), all of which were inconsistent with the claimed prior pledge of secrecy. One may say he communicated a secret to X on Monday, but if, on Tuesday, he is heard proclaiming the substance of it to all and sundry, some doubt arises whether his communication to X on Monday was under pledge of secrecy, especially if X, an honorable man, swears it was not.

Upon the issue the Court of Appeals has pointed out we make the following formal finding of fact:

### Finding of Fact

On about August 15, 1941, plaintiffs exhibited to defendant a chicken picking machine, including certain solid rubber fingers characterized by plaintiffs as an "improvement." Negotiations were then begun looking toward the manufacture and sale by the defendant of the machine. There was no trade secret concerning the machine or any of its parts, including the so-called "improvement" in the rubber fingers, and there was no confidential disclosure by plaintiffs to defendant of any trade secret and no confidential disclosure of any character by plaintiffs to defendant.

### Conclusion of Law

Plaintiffs are not entitled to an injunction against defendant or to damages on the theory of violation by defendant of a confidential disclosure of a trade secret or on any theory.

### Decree

This case coming on to be heard upon the pleadings, the evidence introduced and the argument of counsel; the court being fully advised in the premises and having filed a finding of fact and a conclusion of law:

It is by the court ordered, adjudged and decreed (a) that the complaint be and it is dismissed and (b) that the costs be, and they are, assessed against plaintiffs.