**FERGUSON et al. v. FORD MOTOR CO. et al.**

United States District Court
S. D. New York.

Sept. 23, 1948.

See also D.C., 77 F.Supp. 425.

Cahill, Gordon, Zachry & Reindel, of New York City (Mathias F. Correa, of New York City, John F. Sonnett, of Denver, Colo., and Dudley B. Tenney of counsel), for plaintiffs.

Simpson, Thacher & Bartlett, of New York City, for defendants.

RIFKIND, District Judge.

Plaintiffs have moved for an order directing: (a) that the defendants and their counsel file with this court, in a sealed envelope, all copies in their possession, or under their control, of specified confidential documents which they have improperly obtained from one William J. Sands, a witness being examined before trial; and (b) that said documents be and remain sealed and be opened only on further order of this court; and (c) that pending further order of this court defendants, their counsel, employees, agents and representatives make no further use of information acquired from said documents.

A brief statement of the facts is necessary in order to place this motion in its proper context. On January 8, 1948, plaintiffs filed a complaint wherein they alleged that the defendant had infringed their patents, had violated the anti-trust laws and had engaged in unfair competitive practices, all to the damage of the plaintiffs. In due course issue was joined and the pre-trial examinations began.

In June of 1948, the plaintiffs discovered, or at least so it is alleged, that the defendants had induced one Sands, an employee of the plaintiffs, to assist the defendants in the preparation of their defense and, in that connection, to surrender to the defendants a large number of confidential documents, property of the plaintiffs and in the possession of the witness as a result of his confidential relationship to his employer. These documents were produced during the examination of Sands and were marked for identification. It is with respect to seventy of the documents, so produced, that the present motion is addressed.

The theory of the plaintiffs' motion is as follows: Had the defendants, by recourse to the discovery rules, made application for the production by the plaintiffs of the documents, plaintiffs would have been in a position to ask for the protective devices contemplated by Federal Rules of Civil Procedure, rule 30(b), 28 U.S.C.A., with respect to confidential matters and secret processes. Plaintiffs contend that they should not be in any worse position because defendants had improperly secured access to these documents. Therefore, they urge the court to regard these documents as if constructively still in the possession of the plaintiffs and to make provision for the protection of such secrets as they contain. It is important, however, to note that upon the argument plaintiffs' attorney expressly disavowed any desire or intention to suppress the documents insofar as they affected the litigation and stated that he desired merely to protect plaintiffs against the competition to which they would be unjustly subjected by reason of business, rather than litigation, use of the material thus made available to defendants by the faithless employee.

It must be recognized that the plaintiffs' view is founded, necessarily, upon a fiction. Whether acquired by the defendants rightfully or wrongfully, the reality is that they have had possession of and access to these papers for many, many months. Insofar as the disclosure in itself is harmful to plaintiffs, the harm has already been inflicted. Insofar as the disclosure has business consequences, the remedy which may be available to the plaintiffs consists of a claim for damages or the restraint of further use. It can no longer rest in the realm of non-disclosure. Since the protective devices of 30(b) to which plaintiffs have reference concern the degree of disclosure it is to a large extent, although not wholly, inapplicable to the proceeding.

If we examine now the purpose of the plaintiffs in making this motion as avowed by their attorney, it becomes clear that what they are seeking is summary relief against the competitive use of information

416

in the possession of the defendant. It may be that they are entitled to such summary relief but, if it is available, the application therefor would have to be presented and litigated upon a motion for an interlocutory injunction. Absent facts which would justify interlocutory relief, the remedy would be by action: either by independent action or by supplemental complaint in the pending action. Either procedure would afford the parties and the court a direct opportunity for passing upon the merits of the claim. They should not be passed upon in the oblique manner in which they are presented upon a motion to impound.

The defendants argue that whatever may be the avowed purpose of the plaintiffs in making this motion, its inevitable consequence would be that they would be deprived of the opportunity to use the papers in the examination and cross-examination of the witness Sands and of the plaintiffs. They contend that these papers contain evidence; that whether they were lawfully or unlawfully obtained is immaterial to the issue of the admissibility of such evidence. VIII Wigmore, 3rd ed. § 2183.

Although I have not inspected the papers, the affidavits indicate that it may well be that they contain "secrets" in three different senses of that word. One, they may contain admissions in the form of statements confidentially made by plaintiffs to witness Sands, such as, for instance, an admission that plaintiff Ferguson was in fact not the inventor of an invention covered by a patent in issue, or that the damages which plaintiffs attribute in the complaint to the violation of the anti-trust laws was, in fact, attributed by the plaintiffs, before suit was commenced, to some other cause. These are matters confidential in the eyes of business men. They are not confidential in the eyes of the law in the sense of being inadmissible in evidence. Two, there may be items which are in the legal sense privileged, such as communications between the plaintiffs and their attorneys. And, three, there may be items which the law denominates trade secrets, such as a secret process for the manufacture of an article marketed by plaintiffs.

 How to deal with material of the third category always presents a problem. The nature of that problem was analyzed in Du Pont de Nemours Powder Co. v. Masland, 1917, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016, in an opinion by Mr. Justice Holmes. The brevity of that opinion renders superfluous any attempt to paraphrase it; but this much of it needs to be noted, that the judge's discretion is very wide in the determination whether, to whom, and under what precautions the revelation should be made.

In the light of these considerations it seems to me that (1) nothing this court can now do would undo the disclosure already made; (2) business abuse of the disclosure, if any has occurred or should occur, is beyond the scope of the relief available on the pending motion; (3) use of the papers for purposes of examination, cross-examination, refreshment of memory or introduction into evidence can best be regulated by consideration of the factors bearing upon such use in each individual instance, separately, in the precise context in which such use is proposed.

The motion is, therefore, denied.