## CITIES SERVICE OIL CO. v. CELANESE CORPORATION OF AMERICA.
### Civ. A. No. 1213.

United States District Court
D. Delaware.
July 27, 1950.

Richard F. Corroon, Southerland, Berl & Potter, of Wilmington, Del., Howard J. Churchill, William G. Pulliam, Roger V. N. Powelson, Fraser, Myers & Manley, of New York City, for plaintiff.

Aaron Finger, Richards, Layton & Finger, of Wilmington, Del., and Drury W. Cooper, Cooper, Byrne, Dunham, Keith & Dearborn, of New York City, for defendant.

RODNEY, District Judge.

This is a patent infringement suit, in which defendant is charged with having infringed since 1945 two patents of the plaintiff having to do with the partial oxidation of petroleum hydrocarbons. The case is before the court upon a motion of the plaintiff made pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., asking for an order covering five different matters which may be summarized as follows: (1) an order permitting plaintiff's representatives to enter upon defendant's Chemcel plant at Bishop, Texas, and to inspect the plant and more particularly to inspect and take measurements, readings and photographs of and with respect to all the machinery and equipment employed by defendant in the partial oxidation of natural gas hydrocarbons for the purpose of producing certain chemical products which are more particularly specified in the motion, and to observe the processes and equipment used by the defendant in its manufacture of such products; (2) an order permitting plaintiff's representatives to obtain directly information as to certain designated factors which are important in the practice of plaintiff's patented partial oxidation process for use with natural gas hydrocarbons; (3) an order compelling the defendant to deliver to the plaintiff certain samples taken at the time of plaintiff's inspection; (4) an order compelling the defendant to permit the plaintiff to examine and copy all blueprints, plans, flow sheets and records with respect to the construction and operation of defendant's partial oxidation process; and (5) an order compelling the defendant to permit the plaintiff to examine and copy all blueprints, records and other documents relating to partial oxidation processes, designs for facilities for carrying out such processes, experiments and pilot plants, which were suggested or considered by defendant's engineer Bludworth during the period from 1934–1945, together with copies of all data which defendant received from or submitted to the War Production Board pertaining to plaintiff's operations at its Tallant plant, the Chemcel operations of the defendant and its application to the War Production Board for permission to build the Chemcel facility.

The defendant has objected to the granting of plaintiff's motion, upon the grounds that there is no showing of good cause for permitting the inspection sought by the plaintiff; that the inspection sought, if permitted, will result in the disclosure of certain trade secrets of the defendant; that the documents which the plaintiff wishes to examine and copy are not designated with sufficient particularity; and that the granting of the motion will impose an excessive burden upon the defendant, since it will cause a serious interruption of the operation of its plant and great expense and inconvenience in the detailing of employees to be present at and supervise the plaintiff's inspection and examination of defendant's Chemcel plant and the documents and records mentioned in the motion. Indeed, the defendant says that its plant is being operated at near capacity twenty-four hours a day and seven days a week; that to grant the plaintiff's motion would cause a major shut-down after which a resumption of operation would require a loss of several days and entail great loss and expense. The plaintiff, on the other hand, minimizes the inconvenience of the inspection and alleges that with the cooperation of the defendant the inspection can be accomplished in ten days to two weeks and without interrupting the defendant's operations in any degree. The defendant, however, has coupled with its objections an offer to provide the plaintiff with a flow sheet and a full description of its partial oxidation process as carried out at its Chemcel plant in Texas with respect to all the factors specified in paragraph 2 of the plaintiff's motion except one, regarding which the defendant says it is in fact unable to provide the precise information asked for by the plaintiff.

In the light of the defendant's objections plaintiff's counsel orally modified the plaintiff's motion at the time of the argument thereon by limiting its request for inspection of the defendant's Chemcel plant to that part of the plant which is specifically concerned with the oxidation process. It is the plaintiff's contention, supported by

affidavits, that that part of the plant is a distinct and separate unit and can be inspected without there being any necessity for the disclosure of the secret processes practised in other parts of the plant. At the same time the plaintiff emphatically stated that the defendant's offer to provide the flow sheet and other information mentioned above does not meet its needs, since that information would be defendant's version and interpretation of certain factors with which the plaintiff might not agree if it could make its own inspection and examination. On the other hand the defendant has expressed itself as objecting as much to the plaintiff's motion, as orally modified, as it does to the original motion, since it says its partial oxidation process itself embraces trade secrets which the defendant should not be compelled to disclose.

Thus the parties, despite some attempt to meet each other's objections, are still far apart in their positions upon this motion, and the court is faced with widely diverse contentions of fact and opinion which it is difficult, if not impossible, for it to ascertain and determine with a reasonable degree of certainty upon the basis alone of the affidavits filed in connection with this motion.

■ The question of the disclosure of trade secrets appears to present the principal problem in the consideration of this motion. It has been repeatedly held that a party has no absolute right to refuse to divulge information in the course of litigation upon the sole ground that the giving of the information will necessarily involve the disclosure of trade secrets. The privilege is conditioned upon the circumstances of the particular case, and the extent to which the disclosure of secrets will be compelled is a matter largely resting upon the court's discretion.[1]

■ It is assumed that the defendant's claim as to its alleged trade secrets is made in good faith. The court is therefore of the opinion that the disclosure of information which embraces such secrets should not be compelled unless and until it is clear that the plaintiff will definitely be deprived of the proper and necessary means to prepare and prove its case if the opportunity to inspect and examine the equipment, apparatus and documents covered by the motion is not afforded to it.

Some progress towards the solution of the problem of finding a proper balance between the policy of the qualified privilege claimed by the defendant and that of full discovery claimed by the plaintiff may be achieved by having the defendant make available to the plaintiff the information regarding the defendant's partial oxidation process, which it has offered to furnish and which is more particularly specified in the affidavit of George Schneider which was filed by the defendant in connection with this motion. Final action on this motion will be deferred pending the taking of this step. If after the receipt of this information, the plaintiff is not satisfied that its reasonable needs are met, the court will consider the advisability of taking further steps with respect to the motion, among which may be the appointment of an impartial expert or special master to assist the court by examining, under a pledge of secrecy, into the matter of defendant's trade secrets and by investigating the problem of the burden which would be imposed upon the defendant by the granting of the present motion.

[3] Indeed, the foregoing seems in exact conformity with the views expressed in 8 Wigmore on Evidence, 3d Ed., Sec. 2212, where it is said: " * * * the occasion for demanding such a privilege [withholding trade secrets] arises usually in actions where the party claiming it is one charged with infringing the rights of another by wrongful competition in business, and the existence of the fraud can be proved only by investigating the claimant's methods of business; in such cases, it might amount practically to a legal sanction of the wrong

---

1. E. I. duPont deNemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016; Lever Bros. Co. v. Proctor & Gamble Mfg. Co., D.C., 38 F.Supp. 680; Ferguson v. Ford Motor Co., D.C., 8 F.R.D. 414; 8 Wigmore on Evidence, 3d Ed., Sec. 2212.

if the Court conceded to the alleged wrong-doer the privilege of keeping his doings secret from judicial investigation. No privilege at all should there be conceded, although as much privacy as possible might be preserved by compelling disclosure no farther than to the judge himself, or to his delegated master or auditor, * * *."

The present case is of the exact nature as discussed by Wigmore; the contentions are the same and the ultimate disposition suggested by this court follows the views expressed in the text.

It may well be that paragraph 5 of the plaintiff's motion seeks inspection of documents that may relate more closely to the issue of validity than that of infringement, while the information offered by the defendant relates more closely to the issue of infringement. I am, nevertheless, of the opinion that final action on this part of the motion should also be deferred until the plaintiff has had an opportunity to consider and evaluate the information which will be furnished to it by the defendant, and to determine its view as to its effect upon the case as a whole.

An order may be submitted requiring the defendant to give to the plaintiff such information as it has offered to submit and which it deems sufficient for the purposes of this suit. The order shall provide for the deferring of action on the motion in the terms as made by the plaintiff with leave to renew said motion if such renewal may subsequently become necessary.