CONE MILLS CORPORATION, Plaintiff,

v.

JOSEPH BANCROFT & SONS COMPANY, Defendant.

Civ. A. No. 2439.

United States District Court
D. Delaware.

Oct. 2, 1963.

Arthur G. Connolly and Thomas S. Lodge (Connolly, Bove & Lodge), Wilmington, Del., Leon Silverman (Strasser, Spiegelberg, Fried & Frank), New York City, W. Rankin (Parrott & Rankin), Charlotte, N. C., and McLendon, Brim, Holderness & Brooks, Greensboro, N. C., for plaintiff.

Robert H. Richards, Jr., and Stephen E. Hamilton, Jr. (Richards, Layton & Finger), Wilmington, Del., and Theodore S. Kenyon, Ralph L. Chappell and Thomas M. Marshall (Kenyon & Kenyon), New York City, for defendant.

LEAHY, District Judge.

Plaintiff is a licensee under two patent agreements with defendant. Defendant has charged plaintiff with violation of the agreements by using the patents and failing to pay royalties. Plaintiff seeks a declaratory judgment it has complied with the patent license agreements and owes no money. The complaint prays defendant be enjoined from threatening suit for plaintiff finishing certain fabrics and textiles, etc., under defendant's patents; and plaintiff denies it has violated the license agreements, claiming no royalties are due defendant.

The present applications are concerned with defendant's objections to certain of plaintiff's interrogatories and on plaintiff's motion to strike and to direct further answers to plaintiff's interrogatories. The Interrogatories to be considered are: 1(a), 1(b), 1(e), 3(a), 4(b), 5(a), 7(a), 7(b), 8(a), 8(d), 13(a), 13 (c), 13(d), 13(f) (1), 13(f) (2), 13(g),

25(b), 25(d), 25(f), 25(h), 25(i), 25(j) and 26.

1. Plaintiff's Interrogatories 1a, 1b, 1e, 3a, 4b, 5a, 7a, 7b, and 8d seek more specificity re steps of the licensed processes, together with any additions and improvements, when sent to plaintiff and whether they include chemical compounds, mechanical procedures and apparatus, together with the minutiae relating to the same. Defendant has answered the specific questions, and has referred to or integrated its Report on Inspection for details.[1] The REPORT discusses the processes and know-how, and details are given of when, where, how and by whom communications were made.

What plaintiff now seeks is a further detailed breakdown of each piece of the integrated process. All this, or at least sufficient information relating to the same, is included in the Report. To further require defendant to go beyond this, is to force the inquiry outside the legitimate boundaries of proper interrogatory discovery. I shall leave plaintiff to select whatever other discovery techniques are available to it, but not via the interrogatory route.

Plaintiff's motion to strike defendant's answers and to answer more fully will be denied; and, defendant's objections will be sustained.

2. Interrogatory 8a asks for details as to the disclosures made by defendant to plaintiff. In answering 8a, defendant referred to the Report on Inspection in which information as to these disclosures is given. Plaintiff contends defendant should have stated that disclosures it made and referred to in its Report are the only ones it has made. Defendant, as its reason for refusing to be more definite, states other disclosures may have been made of which it has no present knowledge and it does not wish to be precluded from proving them. It would seem a simple matter for defendant to answer that the disclosures it refers to in its Report as the only ones it has knowledge of at this time. Such an answer would not preclude defendant from proving other disclosures it may establish at a later time.

Plaintiff's motion to answer Interrogatory 8a more fully is therefore sustained; and, defendant's objection is overruled.

3. Plaintiff's Interrogatories 13a, 13c, 13d, 13f(1), 13f(2), and 13g seek dates of other licenses granted by defendant, together with all amendments thereto, whether such other licenses differ from defendant's—plaintiff's license, whether they involve procedural methods different from those disclosed to plaintiff, the amounts of royalties paid each year by other licensees, and, whether such other licensees have been threatened with litigation. Defendant objects to these interrogatories as calling for material irrelevant to any issue now before the Court, since they are related to a defense which plaintiff thinks available to it under the "most favored nation" clauses of the License Agreement (Clause 13) which specifies, if more favorable terms are granted by defendant to other licensees, then plaintiff may have the benefit of such other terms. The issue in the in-

[1] In the course of pre-trial discovery, further discovery was suspended until defendant completed its inspection of plaintiff's plant procedures under ¶ 6 of its License Agreements with plaintiff and reported to the Court what patents or trade secrets formed the subject matter of the instant action. Defendant filed with the Court its REPORT ON INSPECTION. It indicated the basis of defendant's claim based upon the use of the licensed patents and "know-how".

APPENDIX I to the REPORT described plaintiff's processes on which defendant claims royalties are based. APPENDIX II discloses a detailed list of information, or know-how, which was given to plaintiff under the license, and which defendant asserts are being employed by plaintiff in the production of the listed fabrics.

stant case, is whether plaintiff owes defendant any royalties, and, if so, how much. Defendant contends that if such a decision should ever be reached, then any matters relating to the "most favored nations" clauses of the license may arise, and be determined in the accounting proceeding. Defendant is correct in so far as it points out information relevant only to an accounting might best be left to a subsequent proceeding, but defendant's alleged breach is not such a matter. It is plaintiff's contention that breach of the "most favored nations" clause constitutes a complete defense to an action for royalties. It is clear if plaintiff's contention is correct, the information sought is relevant to the subject matter under consideration and is reasonably calculated to lead to the discovery of admissible evidence.[2]

■ Interrogatories 13a and 13c request defendant to state the names and addresses of all licensees under the agreements identical, similar, or relating to the same subject matter and would have defendant state wherein the differences lie. Defendant has listed all of the licenses, and in connection with the active ones has, through a code, indicated exactly the form of the license. I fail to see how a more adequate presentation of the information could be made.

Plaintiff's motion to strike defendant's answers and to answer more fully will be denied; and defendant's objections will be sustained.

■ Interrogatory 13d requests defendant to state whether the "know-how" disclosed to plaintiff differs from that disclosed to its other licensees. In its answer, defendant states such differences as exist are not material and it is not free to disclose the details because to do so would involve the disclosure of trade secrets. Defendant contends Interrogatory 13d does not request it to specify the differences between the "know-how" disclosed to plaintiff and that disclosed to other licensees. In the interest of conserving the time of the Court and the parties, the interrogatory should be construed as originally construed by defendant, i. e., as calling upon defendant to state wherein the differences lie.

In so far as defendant's first ground of objection is concerned, to merely assert the differences between the "know-how" disclosed to plaintiff and that disclosed to other licensees are immaterial does not permit the Court or plaintiff to appraise the validity of defendant's assertion. Defendant should not be permitted to foreclose what may be a defense to whatever claim it may make with respect to alleged "know-how." In order to secure the confidential nature of the information,[3] the

2. This Court is not to be understood as ruling at this stage of proceedings upon the legal sufficiency of plaintiff's contention that breach of the "most favored nations" clause, if proven, would constitute a complete defense to an action for royalties. Whether or not plaintiff is correct is immaterial at this juncture.

The function of the Court in passing upon objections to interrogatories has been well summarized by Judge KIRKPATRICK in E. I. DuPont De Nemours & Co. v. Phillips Petroleum Co., D.C. Del., 24 F.R.D. 416, at 422. It is there stated the defendant is entitled to make his defenses "without the necessity of the Court's passing upon the prospect of its ultimately sustaining its position. Obviously, to decide that question now under the guise of determining the relevancy

of certain documents would be to decide the entire case. The only question, therefore, upon the point of the relevancy of the various matters sought to be discovered by the defendant is whether they are relevant *to the defendant's contention.*"

3. See, Cities Service Oil Co. v. Celanese Corp. of America, D.C.Del., 10 F.R.D. 458, at 460, and cases cited therein, where Judge RODNEY wrote: "It has been repeatedly held that a party has no absolute right to refuse to divulge information in the course of litigation upon the sole ground that the giving of the information will necessarily involve the disclosure of trade secrets. The privilege is conditioned upon the circumstances of the particular case, and the extent to

answer shall be disclosed only to counsel for plaintiff and technical experts assisting in the preparation of the case. The defendant shall file a duplicate copy in a sealed envelope with the Clerk of this Court, to be opened only upon order of the Court.

Plaintiff's motion to answer more fully is therefore sustained, with the foregoing limitations as to the disclosures of the answers thereto; and defendant's objections are overruled.

■ Interrogatories 13f(1) and 13f(2) seek royalty payments by years, made by other licensees. Defendant objects to these interrogatories on three grounds, viz.: (1) the information requested is not relevant; (2) they ask details of payments by licensees dating back to 1939, more than twelve years before the licenses here involved were granted; and (3) the answer would disclose to plaintiff information as to the yardage sold by competitors.

Defendant's first ground of objection is without merit. At argument, counsel for plaintiff indicated they could get a fairly good idea of defendant's contract interpretation from the amount of royalties that were in fact paid.

The second ground of objection, however, is not without merit. Since amounts paid by licensees prior to the dates of the license agreements could not reasonably have any bearing on the defense that defendant breached the "most favored nations" provisions, discovery will be limited to amounts paid from the date of the first agreement, i. e., December 31, 1952.

As to defendant's third objection,[4] the disclosure of the answers shall be limited

to counsel for plaintiff and to such technical experts as he may engage to assist him in the preparation of the case. The defendant shall file a duplicate copy in a sealed envelope with the Clerk of this Court, to be opened only upon the order of the Court.

The objections of defendant to Interrogatories 13f(1) and 13f(2) are overruled, with the foregoing limitations as to the disclosure of the answers thereto.

■ Interrogatory 13g calls upon defendant to state whether any licensees have been threatened with suit. Plaintiff complains that in answering this interrogatory defendant did not indicate whether the two cases referred to in its answer are the only cases. In discussing this interrogatory in its brief, defendant, however, has in effect stated its answer is complete and there are no instances other than those set out in the answer. If that is the case, it would seem a simple matter for defendant to so state under oath.

Plaintiff's motion to answer more fully will therefore be sustained.

■ 4. Under Interrogatory 25a, defendant seeks correspondence concerning other agreements had between defendant and other licensees. In answering this interrogatory, defendant declares that such communications, other than that had with plaintiff, are privileged, since the correspondence has been between defendant and its attorney. Interrogatory 25b is merely an elaboration, seeking more details. The privileged correspondence is not subject to discovery under F.R.Civ.P. rule 26(b).[5] Moreover, if dis-

---

which the disclosure of secrets will be compelled is a matter largely resting upon the court's discretion."

Since defendant, by its own admission, has stated such differences as exist are not material, it is questionable whether the "know-how" requires protection from disclosure. In any event, it is assumed defendant's·assertion as to the need for

protection is made in good faith and thus discovery will be limited.

4. See, Cities Service Oil Co. v. Celanese Corp. of America, Note 3, supra.

5. See, United States v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 357 (Wyzanski, J.); Zenith Radio Corp. v. Radio Corp. of America, D.C.Del., 121

covery is to be kept within reasonable bounds neither party should take the time of the Court and the parties in asserting the need of a listing of correspondence between the litigants themselves.

Plaintiff's motion to strike defendant's answer and to answer more fully is denied; and defendant's objections are sustained.

■ Interrogatories 25c and 25e likewise seek communications between defendant and other third parties [other licensees]. In answering these interrogatories, defendant shows its correspondence has been extensive, i. e., writings with over 80 licensees going back almost a quarter of a century. Interrogatories 25d and 25f ask defendant to state the dates of all such correspondence, the names of the addresses, and the substance of each piece of correspondence other than correspondence which must be maintained in secrecy because to disclose it would be to reveal to plaintiff the trade secrets of defendant's other licensees. Much of the answer to these interrogatories might well not be relevant to the issues in this case. In any event, even after the suggested deletions, they are not only too broad and general, but also burdensome and oppressive.

Plaintiff's motion to strike defendant's answers to Interrogatories 25d and 25f and to answer more fully is denied; and defendant's objections are sustained.

Interrogatory 25g asks defendant to state whether it has had correspondence relating to the forgiving of royalties, the accepting a sum of money or other consideration for royalties which is less than the amount claimed by defendant to be due, or the accepting of a lump sum payment for royalties due in lieu of royalties based upon a sum for each yard processed by the licensee. Defendant has answered the first two parts of the interrogatory in the negative, and the third part by stating that the answer to the question of lump-sum payments has been given to Interrogatory 13c, wherein it was pointed out that the Springs Cotton Mills has an annual ceiling of $200,000. Interrogatory 25h, to which defendant objects, calls for details as to correspondence which defendant has had concerning any portion of 25g which is not answered in the negative. Thus, defendant would be required to give details as to its correspondence with the Springs Cotton Mills. Unlike the information sought in Series 13, the information which plaintiff is seeking here bears only on an accounting [6] and is consequently not relevant to any issue now before the Court.

Defendant's objections will be sustained, but without prejudice to plaintiff to renew its requests at a more appropriate time.

Interrogatories 25i and 25j seek information as to requests by others to license less than all of the subject matter of the agreements between plaintiff and defendant. It would appear plaintiff seeks this particular information in order to establish a defense that there has been some violation of the antitrust laws. It is doubtful if such information were obtained there would be any relevance to this litigation and such attempt would not lead to the discovery of admissible evidence. Moreover, these interrogatories request substantially the same information as was requested in Interrogatories 17–22, which defendant has fully an-

F.Supp. 792 (Leahy, J.); American Cyanamid Co. v. Hercules Powder Co., D.C. Del., 211 F.Supp. 85 (Wright, J.). For an excellent discussion of the various problems involved, see Simon, The Attorney-Client Privilege as Applied to Corporations, 65 Yale L.J. 953 (1956).

6. I am not to be understood as passing at this time upon the legal sufficiency of plaintiff's contention that even though its annual royalties did not approximate $200,000 defendant's failure to ask them to sign the Springs Cotton Mills' agreement would constitute a complete defense. However, the position of plaintiff is such as to make it clear that any discovery on this subject at this stage of proceedings would be a waste of time.

**324**

swered and to which plaintiff has made no objection.

Plaintiff's motion to strike defendant's answers and to answer more fully is denied; and defendant's objections are sustained.

■ 5. Interrogatory 26 seeks to find out whether defendant has asked other licensees to pay additional royalties, and for detailed information as to the processes involved in such requests. Defendant's answer is incomplete in that defendant merely refers to the answers to Interrogatories 15 and 15a which are limited to litigation instituted by defendant. If defendant claims the only requests for additional royalties were those made in the two instances referred to in its answer to Interrogatories 15 and and 15a, it is a simple matter for defendant to so state. I believe a fair reading of Interrogatory 26 calls for such specification.

Plaintiff's motion to answer more fully will therefore be granted; and defendant's objections will be denied.

Orders may be submitted in accordance with the above.