UNITED STATES of America

v.

**ALUMINUM COMPANY OF AMERICA,** Anaconda Wire and Cable Company, General Cable Corporation, Kaiser Aluminum and Chemical, Sales, Inc., Olin-Mathieson Chemical Corp., Reynolds Metals Company.

Crim. No. 21243.

United States District Court E. D. Pennsylvania.

Aug. 17, 1964.

Donald G. Balthis, John E. Sarbaugh, John J. Hughes, Richard M. Walker and Stewart J. Miller, Dept. of Justice, Antitrust Div., Philadelphia, Pa., for plaintiff.

Philip H. Strubing, Philadelphia, Pa., for Aluminum Co. of America.

Joseph W. Swain, Jr., Philadelphia, Pa., for Anaconda Wire & Cable Co.

H. Francis DeLone, Philadelphia, Pa., for General Cable Corp.

Edwin P. Rome, Philadelphia, Pa., for Kaiser Aluminum & Chemical Sales, Inc.

George P. Williams, III, Philadelphia, Pa., for Olin-Mathieson Chemical Corp.

Thomas D. McBride, Philadelphia, Pa., for Reynolds Metals Co.

JOSEPH S. LORD, III, District Judge.

In this criminal antitrust case, the defendants have moved under F.R.Crim.P. 16 for the discovery and inspection of all books, papers, documents or objects which were obtained by the Government by seizure or process from others than defendants and which relate to the subject matter of the indictment. I have already given defendants leave to inspect and copy all such documents except those as to which a claim of privilege might be raised. Southwire Company, a competitor of defendants, has now raised such a claim, averring that the documents include "highly confidential information with respect to Southwire's own financial affairs and the volume of business done by the Southwire Company with various of its customers, the prices charged by it for its products to such customers and others, and other similar information."

A motion under Rule 16 and a consequent claim of privilege do not deal with absolutes. Rule 16 makes it clear that the court may, not must, order production and the granting of the motion is within the court's discretion. United States v. Schiller, 187 F.2d 572 (C.A.2, 1951). On the other hand, there is no true privilege against the discovery of confidential business information, and whatever "privilege" courts have accorded such information is not an absolute one. 4 Moore's Fed.Prac., pp. 2468–69; 8 Wigmore on Evidence, pp. 156–157. What we are really faced with here is a balancing of interests. On the one hand is need of defendants for adequate preparation of a defense. On the other hand is the need of Southwire, not a party to this case and here only because the Government subpoenaed its records, to prevent disclosure to its competitors of information which might enable them to capture some of its business. The solution of these conflicting interests depends upon a determination of where lies the more compelling need and the resolution of this question, in turn, must depend upon the showings here made by each side.

Defendants argue as typical examples that the documents sought would or might show: (1) whether Southwire's prices differed from those of non-defendant competitors; (2) the existence of price competition in the sale of aluminum cable; (3) whether Southwire's employes were present at the times and places of alleged meetings of competitors. All of this may be true, but at this stage I fail to see the relevance of any of this *qua* the defense. If the defendants conspired to fix prices, it does not matter that Southwire did not. Indeed, if defendants conspired to fix prices, it is unimportant whether prices were, in fact, fixed, stabilized or maintained. In a criminal, as opposed to a civil antitrust case, the gist of the offense is the conspiracy and proof of its success is unnecessary for conviction. Simpson v. Union Oil Co. of Cal., 311 F.2d 764 (C.A.9, 1963). Finally, defendants have not shown what relevance could be attached to proof of whether or not Southwire's employes were present at alleged meetings of competitors.

On the whole, upon the defendants' present showing, I am not convinced that the disclosure of all the documents subpoenaed from Southwire is necessary. In 4 Moore's Federal Practice, p. 2468, it is said:

"\* \* \* There is no true privilege against discovery of trade secrets or other 'confidential' business information, but the courts nevertheless will exercise their discretion to avoid unnecessary disclosure of such information, particularly where the action is between competitors. \* \* \*"

In Cities Service Oil Co. v. Celanese Corporation of America, 10 F.R.D. 458 (Del., 1950), the court said, at page 460:

"\* \* \* It is assumed that the defendant's claim as to its alleged trade secrets is made in good faith. The court is therefore of the opinion that the disclosure of information which embraces such secrets should not be compelled unless and until it is clear that the plaintiff will defi-

nitely be deprived of the proper and necessary means to prepare and prove its case if the opportunity to inspect and examine the equipment, apparatus and documents covered by the motion is not afforded to it. * * *"

At this juncture, and until defendants specifically show the relevance of all documents sought, I will limit defendants' discovery of Southwire's documents to those which the Government intends to use at the trial. The parties may submit an appropriate Order.