**VOGUE INSTRUMENT CORP., Plaintiff,**

**v.**

**LEM INSTRUMENTS CORP., Frank Lowell, Robert Everett and Joseph Miele, Defendants.**

**No. 66 Civ. 91.**

United States District Court
S. D. New York.
Jan. 6, 1967.

9. Note 8, supra, 8 F.R.D. at 585.

Landis, Carrow, Bernson & Tucker, New York City, Martin Tucker, New York City, of counsel, for plaintiff.

Sidney S. Bobbe, New York City, for defendants.

## MEMORANDUM DECISION

MANSFIELD, District Judge.

Plaintiff, a manufacturer of electric brakes and clutches used in space vehicles, has sued three former employees (Everett, Miele and Lowell *) and their recently formed competitor (Lem Instruments Corp.) for treble damages under §§ 1 and 2 of the Sherman Act and for injunctive relief under § 4 of the Clayton Act. The gist of plaintiff's claim is that the individual defendants conspired to destroy plaintiff's business by various means, including (1) inducement of plaintiff's customers, and particularly the Leach Corporation, an Apollo Moon Project contractor to which Guidance (plaintiff's predecessor) supplied tape recorder clutches and similar components, to transfer their business to the defendants; (2) inducement of key employees to leave plaintiff's employ and

---

\* Lowell, the President of defendant Lem Instruments Corp., was the General Manager of plaintiff's predecessor, the Guid- ance Division of Warner Electric Brake & Clutch Company.

work for Lem; and (3) misappropriation of drawings, trade secrets and information acquired by defendants during their employment by plaintiff or Guidance. These allegations are denied.

In the course of pretrial discovery proceedings, plaintiff noticed the taking of depositions in Pasadena, California, of two employees of the Leach Corporation (Zea and Ingle) as third-party witnesses, which are now scheduled to take place on January 11, 1967. Pursuant to Rule 45(d), plaintiff obtained from the United States District Court for the Southern District of California subpoenas duces tecum addressed to one of the witnesses (Zea) and to the Leach Corporation, ordering them to produce various records and documents for use on the depositions, including technical and scientific drawings and specifications, purchase orders from Leach to Lem, and correspondence. Defendants have moved to quash these subpoenas or, in the alternative, for an order barring copying of certain of the drawings and records to be produced and directing that the originals be sealed, on the ground that the documents contain confidential and privileged information of a trade secret nature belonging to the defendants, disclosure of which to the plaintiff, their competitor, would give it an unfair advantage in competing against them.

■ Defendants' motion is denied insofar as they seek to quash the subpoenas, for the reason that the defendants, being neither persons in possession or control of the documents, nor the persons to whom the subpoenas are directed, lack standing to attack the subpoenas. Shepherd v. Castle, 20 F.R.D. 184, 188 (W.D.Mo.1957). Defendants' assertion that the subpoenas should be quashed on the technical ground that their caption bears, in addition to plaintiff's name, that of its predecessor (Warner Electric Brake & Clutch Co.) is meritless, the inaccuracy being harmless.

Defendants' contention that some of the drawings, documents and correspond-ence called for by the subpoenas contain trade secret data is supported merely by conclusory statements in the moving papers, which are controverted by the plaintiff. For instance, the defendant Lowell asserts that certain documents in the possession of Leach involve or embody "the ingenuity and inventiveness of myself and my colleagues * * * in accomplishing something that the plaintiff was admittedly unable to accomplish"; that they were "created" by the defendants; that disclosure would "give a competitive advantage to the plaintiff" and "reveal competitive secrets". On the other hand, plaintiff contends that at least some of the documents in Leach's possession are either original drawings belonging to the plaintiff or based on such drawings; that some are non-secret in nature; that the documents are the property of Leach, and not of the defendants; that any secrecy was lost by recent disclosure of certain of the drawings by Leach to plaintiff's counsel; and that the Supreme Court, New York County, in a related action, recently ordered the defendants to deliver certain of the drawings to plaintiff. Furthermore, upon argument of the motion defendants' counsel conceded that the defendants had not furnished the documents to Leach under any written agreement protecting their confidentiality, the claim apparently resting upon an implied agreement.

■ If, in fact, the documents and drawings in Leach's possession do contain confidential trade secret information belonging to the defendants, they would be entitled to protection against unauthorized disclosure of such information to third persons, and particularly to competitors. A.L.I. Restatement of the Law of Torts, § 757 (1939); Franke v. Wiltschek, 209 F.2d 493 (2d Cir. 1953); Colgate-Palmolive Company v. Carter Products, Inc., 230 F.2d 855 (4th Cir.), cert. denied, 352 U.S. 843, 77 S.Ct. 43, 1 L.Ed.2d 59 (1956). Although

both sides are claiming that trade secret data is involved in the case, an essential element of the underlying action being the plaintiff's claim that such data was stolen by the defendants, the record proof is too meager at this stage to freeze the documents or bar their disclosure completely. Defendants have no absolute right to refuse to divulge information claimed to be of a trade secret nature, and the extent to which disclosure will be compelled is a matter resting within the Court's discretion. E. I. du Pont de Nemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 (1917); Cities Service Oil Co. v. Celanese Corp., 10 F.R.D. 458 (D.C.1950).

The Court is mindful of the delicate nature of trade secret information and of the fact that great harm can result from premature, unwarranted or unnecessary disclosure. With respect to the particular documents and records that are the subject of the present motion, however, the burden is upon the defendants to come forward with additional facts demonstrating that the records are indeed of a trade secret nature and that disclosure would cause them harm. To permit them to make such a showing, their motion for a protective order is granted to the extent that plaintiff's counsel is directed, on the taking of the depositions in question, and for a period of 30 days thereafter, not to copy or disclose to any third person (including the plaintiff, its officers or employees) any drawings, records or documents produced pursuant to the aforesaid subpoenas and claimed by the defendants to contain confidential trade secret information belonging to them. During the said period defendant, upon coming forward with proof supporting their claims that the subpoenaed documents or testimony contain trade secret information belonging to them, may move for an appropriate protective order. Upon their failure to do so, this order expires.

So ordered.