DANIEL S. PEARSON, Judge,
concurring.
The issues before us are whether subpoenas directed to four dentists were invalid because not accompanied by expert witness fees and whether such subpoenas, even if invalid, were subject to being quashed on motion of the Department of Professional Regulation, Board of Dentistry.
Under Section 120.58(l)(c), Florida Statutes (1981), the subpoenaed witnesses, who are not public employees, are entitled to be “paid such fees and mileage for their attendance as is provided in civil actions in circuit courts of this state,” such payment to accompany the subpoena. A witness in a civil ease is entitled to receive $5.00 for each day’s actual attendance and $.06 per mile for actual distance traveled to and from the courts. § 92.142, Fla.Stat. (1981). The only statutory requirement for payment in advance to a witness is that “no person shall be compelled to attend court as a witness in any civil cause unless the party in whose behalf he is summoned shall first pay him the amount of compensation to which he would be entitled for mileage and per diem for one day ... and he shall not be compelled to attend thereafter unless paid in advance.” § 92.151, Fla.Stat. (1981). There is simply no requirement that an expert witness fee accompany a subpoena and, accordingly, no law that renders a subpoena invalid when not accompanied by an expert witness fee.
This is not to say, of course, that experts are not entitled to expert witness fees. Rather, the point is that no law or rule requires the payment of such fees at the time the subpoena is served. Indeed, where such fees are mentioned by statute or rule, it is contemplated that they are to be assessed after the fact, not as a prerequisite to obtaining the presence of the witness. See § 92.231(2), Fla.Stat. (1981) (“Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee ... in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs.” (emphasis supplied)); Rule 1.280(b)(3)(C) (“[T]he court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in *957 responding to discovery.” (emphasis supplied)).
I do not agree that it is oppressive to require the petitioner to pay expert witness fees in advance, particularly if, as Judge Jorgenson’s opinion concedes, there is nothing oppressive in later taxing these as costs against the petitioner. But quite apart from any question of oppression, the hearing examiner had no authority to require that these expert witness fees accompany the subpoenas in order for them to be valid.
The other question before us is the standing of the Department of Business Regulation, Board of Dentistry, to challenge these subpoenas. It is apodictic that one who is a party has no standing to object to a subpoena issued to a non-party witness unless that subpoena asks for documents in which the party claims some personal right or privilege or asks for documents in the party’s possession. Brown v. Braddick, 595 F.2d 961 (5th Cir.1979); Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co. of New York, 519 F.Supp. 668 (D.Del.1981); Vogue Instrument Corp. v. LEM Instruments Corp., 41 F.R.D. 346 (S.D.N.Y.1967); Shepherd v. Castle, 20 F.R.D. 184 (W.D.Mo.1957). In fact this very proposition that only the witness to whom the subpoena is directed (in the absence of the exceptions mentioned, which are inapplicable here) has standing to seek relief from the subpoena is incorporated in the Administrative Procedure Act by which the instant proceedings are governed. Thus, Section 120.58(2), Florida Statutes (1981), provides:
“Any person subject to a subpoena ... directing discovery may, before compliance and on timely petition, request the agency having jurisdiction of the dispute to invalidate the subpoena ... on the ground that it was not lawfully issued. ...”
For either of these reasons, the Department’s motion to quash should have been denied, and the failure to do so was a departure from the essential requirements of the law.