WALKER SYSTEMS, INC., Plaintiff,

v.

HUBBELL INCORPORATED and Hubbell, Inc. (Delaware), Defendants.

No. Civ.A. 6:99–0342.

United States District Court, S.D. West Virginia, Parkersburg Division.

Sept. 30, 1999.

---

James M. Bradley, Jr., Joseph P. Albright, Albright, Bradley & Ellison, Parkersburg, WV, John J. Held, Thomas J. Wimbiscus, Kirk Vander Leest, McAndrews, Held & Malloy, Chicago, IL, for plaintiff.

John H. Tinney, Clifford F. Kinney, Jr., Kimberley R. Fields, Spilman, Thomas & Battle, Charleston, WV, Alfred N. Goodman, Mark S. Bicks, Thomas P. Hilliard, Roylance, Abrams, Berdo & Goodman, Washington, DC, for defendants.

## ORDER

GOODWIN, District Judge.

Pending before the Court is the Plaintiff's Motion to File Documents Under Seal, filed September 23, 1999. Both Plaintiff and Defendant in this case have requested that the motion, with exhibits, be filed under seal on the grounds that the filed documents and exhibits refer to and contain patented products and trade secrets that are otherwise protected by law.

As a general rule, all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access. *See Brown & Williamson Tobacco v. FTC,* 710 F.2d 1165 (6th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 101 F.R.D. 34, 38 (C.D.Ca.1984). Furthermore, Rule 5(e) of the Federal Rules of Civil Procedure contemplates that the documents filed with the Court be publicly available. *See generally,* Fed.R.Civ.P., Rule 5(e); *Petroleum Prods.,* 101 F.R.D. at 38.

Joint motions for protective orders should not be granted routinely because the business of the federal courts is that of the public, and only if another public policy favors nondisclosure should such an order be issued. *Federal Election Comm'n v. The Christian Coalition,* 179 F.R.D. 22, 22–23 (D.D.C.1998). Where, however, the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors. *Bayer Ag & Miles, Inc. v. Barr Laboratories, Inc.,* 162 F.R.D. 456, 465 (S.D.N.Y.1995); *see also* Fed.R.Civ.P., Rule 26(c) (protective orders proper to insure "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"). In protection of trade secrets, it has long been recognized that the district courts have broad discretion. *See Comment, Protection and Use of Trade Secrets,* 64 Harv.L.Rev. 976, 983–84 (1951); *see also E.I. Du Pont De Nemours Powder Co. v. Masland,* 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 (1917).

Here, the documents and exhibits submitted by the Plaintiff in its Motion consist of items that both parties agree contain trade secrets, and both parties have requested that the Motion be filed under seal. The Court takes note that although parties to a case may not dispute the status of protected

documents, the district court may not abdicate its responsibility to oversee the discovery process. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir.1996).

The Court has considered the documents submitted by the parties, has concluded that a protective order is warranted, and therefore **GRANTS** Plaintiff's Motion to File Documents Under Seal.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.