WM. F. CROME & COMPANY, a Corporation, d/b/a Coca Cola Bottling Company, Appellant,

v.

The VENDO COMPANY, a Corporation, Appellee.

No. 16735.

United States Court of Appeals Eighth Circuit.

March 2, 1962.

Rehearing Denied March 29, 1962.

Ralph H. Hudson, of Cameron, Kerkam & Sutton, Washington, D. C., and Thomas E. Scofield, Kansas City, Mo., made argument for appellant and was on the brief.

Donald E. Johnson, of Hovey, Schmidt, Johnson & Hovey, Kansas City, Mo., and Lawrence C. Kingsland, of Kingsland, Rogers & Ezell, St. Louis, Mo., made argument for appellee and were on the brief.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

PER CURIAM.

This appeal arises out of an action brought by the appellee against the appellant for alleged patent infringement under 35 U.S.C.A. § 281. The District Court, sitting without a jury, found that the appellee's claims in question were valid patents and that the appellant had infringed upon them. Judgment was entered for appellee enjoining the appellant from further infringement and postponing the determination of the amount of damages for later proceedings. We have reviewed the very substantial record, examined the many exhibits received in evidence, considered the authorities submitted and the arguments made by counsel and conclude that as to each issue, patentability and infringement, only questions of fact are presented. As to these we are satisfied that the District Court's findings are supported by substantial evidence and that its conclusions are correct. Chief Judge Duncan, in a fully detailed and carefully considered opinion, published in 192 F.Supp. 764, properly determined each issue presented. No good purpose would be served in the rewriting or rephrasing of his views, with which we fully concur. On the basis of his opinion as published, this case is

Affirmed.

BLACKMUN, Circuit Judge (dissenting).

I respectfully dissent. My difficulty centers in the issue of validity. Mechanical combination patents in this court have met with little recent success. See, for example, Briggs & Stratton Corporation v. Clinton Machine Co., 8 Cir., 1957, 247 F.2d 397, cert. den. 355 U.S. 914, 78 S.Ct. 344, 2 L.Ed.2d 274. Judge Sanborn's concurring opinion in that case clearly outlines the situation and the decided cases and states, 247 F.2d p. 401, that since Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58, "the amount of originality and ingenuity, over and beyond novelty and utility, which will constitute invention necessary to sustain a patent for a combination of old elements in a crowded art, has increased". Although the district court here, in con-

trast to the Briggs & Stratton case, concluded that the patent was valid, I do not find support in the record to satisfy me, at least, that the device here has inventive aspects sufficient to justify patent protection. Nor am I satisfied that it was not anticipated by the Clark Patent No. 1,726,525.