**McGRAW–EDISON COMPANY,**
Appellant,

v.

**CENTRAL TRANSFORMER CORPORA-TION,** Appellee.

**CENTRAL TRANSFORMER CORPORA-TION,** Appellant,

v.

**McGRAW–EDISON COMPANY,**
Appellee.

Nos. 16857, 16858.

United States Court of Appeals
Eighth Circuit.

Sept. 19, 1962.

Charles F. Meroni and James Van Santen, of Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for McGraw-Edison Co. John T. Williams, of Mehaffy, Smith & Williams, Little Rock, Ark., with them on the brief.

John H. Sutherland, St. Louis, Mo., for Central Transformer Corp. Rose N. Perotti, St. Louis, Mo., Frank G. Bridges, Jr., Pine Bluff, Ark. and Heiskell Weatherford, Jr., Memphis, Tenn., with him on the brief.

Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.

RIDGE, Circuit Judge.

As this appeal comes to us the validity of apparatus patent, No. 2,614,158, Re. No. 23,987 and method patent, No. 2,-700,207 are involved along with a claim for injunctive relief based on unfair competition.

As commenced in the District Court, the sole issue was patent infringement. After resort to considerable pretrial procedure principally devoted to controlled discovery relating to infringement and validity, appellant by leave of Court filed an amended complaint joining a claim of unfair competition, seeking damages and injunctive relief therefor.

It appears in the record that after such amendment appellant encountered considerable difficulty in factually demarcating the "trade secret" asserted as the premise for its unfair competition claim.[1]

1. Even after 42 days of trial, arguments and briefing the Special Master reported to the District Court: " * * * it is not clear in this case as to just what the plaintiff (appellant) contends are 'trade secrets'." That issue remains illusory and incognito in the record on appeal.

As a consequence the then District Judge,[2] after resort to more extensive pretrial procedure, seemingly was confronted with a difficult situation in his endeavor to clarify and define the factual issues regarding the unfair competition claim. (A situation more real in the record than here portrayed.) As a result he informed the parties of his intention to appoint a Special Master "for the purpose of defining and simplifying all issues, to receive and report the evidence thereon, to make any necessary computations, and to make findings of fact and conclusions of law" on all three claims joined in this action.

■ The only objection made to that proposed procedure was one noted by appellee (defendant) which objection was singularly limited to reference of the claim for damages made against it for unfair competition being considered and determined by a Special Master. Thereupon appellant by leave of Court dismissed that claim for damages, without prejudice. The District Court then appointed a Special Master as provided in Rule 53(a), F.R.Civ.P., 28 U.S.C.A.[3] Now, for the first time, appellant asserts denial of due process of law because of that procedural matter. It couples therewith claims of denial of due process in trial procedure before the Special Master as approved by the District Court.

But for the manner by which appellant asserts those claims of denial of due process of law, we would be justified in affirming, without more, the judgment and decree appealed from on the opinion of Judge Henley, as published at D.C., 196 F.Supp. 664. This, because the pertinent facts and issues involved are clearly summarized in that opinion and we are satisfied after our review of the record on appeal that neither the Special Master nor Judge Henley has misapplied or misconceived applicable law to the facts and issues here involved and that the findings of fact as made by the Special Master, and as approved by the District Court, are amply sustained by substantial competent evidence.

■ As an appellate court we review judgments, not the reasoning followed in the concoction thereof unless it is made manifest therefrom that the decision for review has been formulated from an improper conception of applicable law. Where as here it appears that the judgment has been entered consonant with applicable law to the facts involved, it is only common sense to say: "No good purpose (can be) served by our rewriting or rephrasing" District Judge Henley's views, "with which we fully concur." Wm. F. Crome & Co. etc. v. Vendo Co., 299 F.2d 852 (8 Cir. 1962). Particularly is that proper when all appellant primarily seeks is to have us substitute our opinion and judgment for that of the Special Master and Trial Court in relation to contested, controverted factual issues.[4]

2. Senior Judge Thomas C. Trimble who first had jurisdiction over the case at bar and appointed the Special Master herein, was succeeded by Chief Judge J. Smith Henley who received the Master's Report and entered judgment thereon.

3. Whether the combination of circumstances which prompted Judge Trimble to appoint a Special Master constituted "exceptional conditions" requiring a reference, is a procedural matter to which personal objection should have been made to preserve a right of review, unless we can say as a matter of law that he abused his discretion concerning such appointment. And this is true, even though the "Supreme Court has very definitely voiced its disapproval of referring all issues in a case to a special master for trial" and we have likewise "disapproved" such as ordinary procedure. Johnson Fare Box Co. v. National Rejectors, Inc., 269 F.2d 348, 351 (8 Cir. 1959). The sense of Rule 53(b), F.R.Civ.P., 28 U.S.C.A., is that the appointment of a Special Master "shall be the exception and not the rule." The unnecessary appointment of a Special Master may amount to a denial of due process of law. But an "asserted denial (of due process of law) is to be tested by an appraisal of the totality of facts in a given case." Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 1256, 86 L.Ed. 1595 (1942).

4. There is no specific point raised on appeal that the evidence adduced was in-

■ All that we might say to expatiate on what Judge Henley has stated in his opinion in the case at bar is to note that on appeal the issue of infringement has become moot since the Special Master found and we agree that the District Court properly, legally, sustained his conclusion that competent substantial evidence was adduced establishing that appellant's apparatus patent and its method patent were both invalid because of prior art, and that the latter patent was also invalid because of "public use" for more than one (1) year prior to time application was made therefor. Cf. Briggs and Stratton Corp. v. Clinton Machine Co., 247 F.2d 397, 399 (8 Cir. 1957). Much prior art was cited against appellant's apparatus patent. As Judge Henley said and we think properly so, that patent was "a mere improvement over prior art involving nothing more than * * * mechanical skill" and the standard of invention claimed therefor by appellant is erroneous in the light of Caldwell v. Kirk Mfg. Co., 269 F.2d 506 (8 Cir. 1959) and authorities therein cited. Appellant's contention that such patent bridged an "unbridgeable gap" over prior art rests on its consideration of only four prior art patents cited and relied on by the Special Master in his decision that no such bridge was effected. Appellant does not rebut the Special Master's specific findings that knowledge revealed by Vienneau patent No. 2,478,-029 clearly-established invalidity of its patent No. 2,700,207. Since we consider the Special Master's finding included Vienneau, also established the invalidity of appellant's apparatus patents, we do not consider it necessary to do more than note that fact to establish the incompleteness of appellant's prior art contention. Judge Henley expressed a like opinion from his consideration of the prior art issue.

The issue of prior public use was essentially a question of fact. Proof in

respect thereto before the Special Master was made by clear, convincing and satisfactory evidence and by more than a mere preponderance. In fact, the Special Master found that such proof met the more stringent standard, "beyond a reasonable doubt," as applied in The Barbed Wire Patent, 143 U.S. 275, 12 S.Ct. 443, 36 L. Ed. 154 (1892) and Cherry-Burrell Corp. v. Dairy & Creamery Equipment Co., 75 F.2d 60 (8 Cir. 1934). We agree. Therefore, no right of review here exists in respect to that factual issue as appellant here contends.

■■ The tort liability asserted by appellant depended on proof of a "trade secret". The findings of the Special Master denying that claim and the District Court's approval are premised in the proposition that no "trade secret" or "confidential relation" was shown to exist in fact as claimed by appellant. Appellant does not assert otherwise. Its contention here is that the District "Court erred in not holding a tort liability was established as a matter of law by the findings of fact" made by the Special Master respecting infringement and to the effect "that a former confidential employee of appellant was the prime instigator of defendant's (appellee's) substantial duplication of plaintiff's (appellant's) transformer core construction." In making that contention we think appellant overlooks and excludes from consideration a vital element * * * the existence of which is *sine qua non* to its claim for unfair competition * * * namely, proof of the existence of a "trade secret." Franke v. Wiltschek, 209 F.2d 493, 495 (2 Cir. 1953); Harris Mfg. Co. v. Williams, 157 F.Supp. 779 (D.C.W.D. Ark.); Carter Products v. Colgate-Palmolive Co., 130 F.Supp. 557 (D.C.Md.), aff. 230 F.2d 855 (4 Cir. 1956), all cited and relied on by appellant. The evidence in the case at bar establishes that the reverse is the true situation.

,ufficient to support the findings of fact as made by the Special Master to sustain the judgment of the District Court. If any such point was intended by appel-

lant's argument, then it is sufficient to say, that subject has not been preserved for review because appellant has not complied with our Rule 10 (b), 28 U.S.C.A.

■ E. I. DuPont De Nemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 (1917), relied on by appellant as the "touchstone" of its unfair competition claim, was concerned with a preliminary injunction issued to preserve the *status quo ante* pending final determination of that action on its merits. Manifestly, that opinion is not in point. Here we have a final determination on the merits that what appellant alleged to be a trade secret was not such in fact and the further adjudication that no confidential relationship was proven. The determination of non-existence of a trade secret was made from a consideration of facts establishing that the subject of appellant's apparatus patent had progressed beyond experimental use before August 2, 1951 and that appellant did not at any time treat or consider its "know how" or method of production in respect thereto as "confidential" either before its employees or visitors to its plant. Absent proof of a trade secret there could be no "confidential relationship" between appellant and its former employees under appellant's theory of claim as here made. Sandlin v. Johnson, 141 F.2d 660, 661 (8 Cir. 1944); Skoog v. McCray Refrigerator Co., 211 F.2d 254, 257–258 (7 Cir. 1954).

■ Appellant's claim of denial of due process of law, premised in part on the fact of appointment of a Special Master by the District Court, is without merit. Appellant admits that it did not note a specific objection to that procedural matter when the order of appointment was made. Notwithstanding, it now claims a right of review regarding that appointment on the ground that "defendant (appellee) expressly objected to" the appointment of the Special Master. It says it "did not burden the record with a further objection since it had a legal right to rely on the defendant's (appellee's) objection" because the "reference by the District Judge was entirely *sua sponte* and was in no manner induced or encouraged by the plaintiff (appellant)." Such contention abstains from recognizing the provisions of Rule 46, F.R.Civ.P., 28 U.S.C.A. and the limited character of appellee's objection. Furthermore, such an attempt to premise a personal claim of error in the appointment of a Special Master is an indulgence to advocacy we specifically denied in First Iowa Hydro Electric Co-op. v. Iowa-Illinois Gas & Electric Co., 245 F.2d 613, 628 (8 Cir. 1957).

As to its claim of denial of due process of law because of procedure followed by the Special Master * * * what happened was this: Appellant made a request that it be permitted to recall certain witnesses for "additional cross-examination" during the course of its presentation of rebuttal evidence because certain documents previously sought to be discovered by it were belatedly produced by appellee. As to that situation the Special Master specifically found that appellee was "negligent" but not "willful" in late production of such documents. Thereupon counsel for appellant requested that they be permitted to recall certain witnesses for further cross-examination regarding such documents and stated, "I believe (such procedure) is within the discretion of the Court." They were right * * * for after mature consideration of that matter the Special Master said, "I will permit you to proceed with this witness by cross-examination approach or technique so long as that matter is proper rebuttal." The record reveals that thereafter the only witness that appellant sought to cross-examine in respect to the documents belatedly produced was in fact fully cross-examined regarding the same.

■ There is no question about the proposition that cross-examination of witnesses is a matter of right. But a corollary to that general rule is that the bounds of cross-examination are within the discretion of the trial court (Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931)) "which will not be disturbed upon appeal in the absence of a clear showing of abuse." Johnson v. United States, 207 F.2d 314 (5 Cir. 1953). See, also, Franklinville Realty Co. v. Arnold Construction Co.,

132 F.2d 828 (5 Cir. 1943). As said in Alford v. United States, supra, 282 U.S. l. c. 694, 51 S.Ct. l. c. 220 cited and relied on by appellant:

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound *discretion* of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. Storm v. United States, 94 U.S. 76, 85 [24 L.Ed. 42]; Rea v. Missouri, 17 Wall. 532, 542–543 [21 L.Ed. 707]; Blitz v. United States, 153 U.S. 308, 312 [14 S.Ct. 924, 38 L.Ed. 725]." (Emphasis added.)

It is apparent the Special Master in the case at bar exercised reasonable judgment in the premise of the instant matter. The denial of due process of law here claimed is non-existent in fact.

The judgment appealed is affirmed.