748 F.2d 1254
 55 A.F.T.R.2d 85-316, 84-2 USTC P 9958
 Frank LIPTAK and Joanne Liptak, Appellants,
v.
The UNITED STATES of America; The Internal Revenue Service;
C.D. Switzer, individually; R.D. Lawler, individually;
Roy G. LeBlanc, individually; Robert M. Borman,
individually; and Walter A. Carlson, individually, Appellees.
 No. 84-5068.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1984.
Decided Nov. 21, 1984.
 
 John Hagen, Minneapolis, Minn., for appellants.
 Bruce Ellisen, Washington, D.C., for appellees.
 Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank and Joanne Liptak appeal from a judgment dismissing their action under 26 U.S.C. Sec. 7426 (1982) for wrongful levy and from the vacation of an order temporarily restraining the government from selling their home in order to collect delinquent taxes. They argue that the reference of the case to a special master was improper, that they were prevented from presenting key testimony during the hearing before the master, and that the master adopted the government's findings of fact and conclusions of law verbatim. We reverse and remand for further proceedings consistent with this opinion.
 
 
 2
 In 1976, after Frank Liptak was assessed a penalty by the Internal Revenue Service, he agreed to make installment payments on the penalty. Shortly thereafter, Joanne Liptak, his wife, began making monthly payments of $150 to the IRS and continued to do so over the next six years. The payments were posted to her account. In 1978, the Liptaks were assessed $3,175 because of disallowed deductions on a joint return. In 1982, the IRS transferred the payments Mrs. Liptak had made to the original penalty account, thereby leaving her 1978 assessment unpaid. In early 1983 the IRS seized the Liptaks' home and scheduled it for sale.
 
 
 3
 The Liptaks filed a pro se complaint seeking an injunction against the sale of the home, an accounting of the payments made by Joanne Liptak, and various forms of damages. The district court granted a motion to dismiss the complaint as to the individual defendants but held that Joanne Liptak had stated a claim under 26 U.S.C. Sec. 7426. The district court entered an order temporarily restraining sale of the home and referred the case to a special master for recommendation on the question of whether to grant a preliminary injunction against the sale. The special master conducted a hearing on July 13, 1983. The Liptaks claim that at the hearing the master persuaded them to change the order of their witnesses so that IRS personnel could testify early and leave the hearing. They further claim that their key witness, James Wilson, a former IRS employee, was present in the courtroom all day until 4:00 p.m. Because Wilson had other commitments and because it appeared he would not have time to testify that day, the Liptaks allowed him to leave after government counsel indicated that the hearing would continue to another day. At 5:00 p.m. the master refused to continue the hearing until the next day so that Wilson could appear.
 
 
 4
 The master prepared a report, finding that Joanne Liptak had intended her payments to go to her husband's account, that she therefore had never paid the deficiency on the joint return, and therefore that she lacked standing to bring an action under section 7426. He also found that the Liptaks did not request return of their property so as to toll the statute of limitations. The district court reviewed the master's report, concluded that the findings were not clearly erroneous, and ordered judgment against the Liptaks.
 
 
 5
 The Liptaks appealed. This court denied a stay and ordered that the Liptaks show cause why their appeal should not be dismissed. The Liptaks had been proceeding pro se. At this point they retained counsel. For the first time we were apprised of the significant legal issues. We granted a temporary stay of the sale of the property pending further consideration and scheduled oral argument.
 
 
 6
 The Liptaks claim several procedural errors. They argue that the reference to the special master was improper since an exceptional condition did not exist. They contend that the reference to the master was for analysis of their application for a preliminary injunction, that the master and the district court did not consider the standards for a preliminary injunction set forth in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 112-113 (8th Cir.1981), and that the master disregarded the issue referred to him, instead recommending dismissal of their complaint. The Liptaks also assert that the master's recommendations were essentially taken verbatim from the findings of fact and conclusions of law submitted by the government. They argue that these findings were held not to be clearly erroneous by the district court, even though a transcript of the testimony before the master was not prepared and made available for the district court's consideration.
 
 
 7
 The district court referred the Liptaks' application for a preliminary injunction to a special master[1] under 28 U.S.C. Sec. 636(b)(2) (1982)[2] and Fed.R.Civ.P. 53(b).[3] Nothing in the record indicates that the Liptaks consented to the reference. Therefore, it was necessary that the reference be made upon a showing of some exceptional condition. We do not believe that such a showing was made. In La Buy v. Howes Leather Co., 352 U.S. 249, 259, 77 S.Ct. 309, 315, 1 L.Ed.2d 290 (1957), the Supreme Court held that neither calendar congestion, complexity of issues, nor the possibility of lengthy trial were exceptional conditions. The elimination of three such obvious candidates has led La Buy to be widely interpreted as sharply limiting the use of nonconsensual reference. See Bennerson v. Joseph, 583 F.2d 633, 641-42 (3d Cir.1978) (reference was erroneous where it was clear hearing would involve simple factual matters turning on credibility of witnesses); Piper v. Hauck, 532 F.2d 1016 (5th Cir.1976); Arthur Murray, Inc. v. Oliver, 364 F.2d 28 (8th Cir.1966). Beyond matters of account, difficult computation of damages, and unusual discovery, "it is difficult to conceive of a reference of a nonjury case that will meet the rigid standards of the La Buy decision." 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2605, at 791 (1971). While the Liptaks' pro se application was inartfully drafted, thereby requiring a certain amount of perseverance and patience to discern its underlying claims, the issues involved were not so demanding or the time required to adjudicate them so burdensome as to justify reference to a special master.
 
 
 8
 It is true, as the United States argues, that a failure to object to reference to a master often waives such an objection later. See First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas & Electric Co., 245 F.2d 613, 628 (8th Cir.1957); Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir.1975) cert. denied, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976). But see Diamond Door Co. v. Lane-Stanton Lumber Co., 505 F.2d 1199, 1206 (9th Cir.1974) (despite failure to object to reference, appellate court will consider issue where public policy requires or injustices might otherwise result). However, as we stated in McGraw-Edison Co. v. Central Transformer Corp., 308 F.2d 70 (8th Cir.1962):
 
 
 9
 Whether the combination of circumstances which prompted * * * [the district court] to appoint a Special Master constituted "exceptional conditions" requiring a reference, is a procedural matter to which personal objection should have been made to preserve a right of review, unless we can say as a matter of law that he abused his discretion concerning such appointment.
 
 
 10
 Id. at 72 n. 3 (emphasis added). In the case before us, we believe the district court so abused its discretion. Accordingly, we reverse and remand for further proceedings. The Liptaks are to be given an opportunity to consent to or to decline the reference to the special master. Depending upon their decision, the case should be tried anew either before the master or before the district court.
 
 
 11
 While we are wiping the slate clean for a fresh start, we observe that we have criticized in the past the verbatim adoption of proposed findings of fact and conclusions of law. Jones v. International Paper Co., 720 F.2d 496, 499 (8th Cir.1983) (strong disapproval voiced); Askew v. United States, 680 F.2d 1206, 1208-09 (8th Cir.1982). Our examination of the record in this case reveals just such a verbatim adoption by the magistrate of the proposed findings submitted by the government.
 
 
 12
 The district court found the master's findings of fact and conclusions of law not to be clearly erroneous, even though no transcript was prepared of the hearing conducted by the master. The findings of fact make credibility determinations concerning the testimony of Joanne Liptak. We see no way that such findings can be reviewed under a clearly erroneous standard without a transcript of the testimony. See Bynum v. Baggett Transportation Co., 228 F.2d 566, 569 (5th Cir.1956) (if testimony not included as part of record, no way exists to test findings under clearly erroneous standard); see also National Railroad Passenger Corp. v. Koch Industries, 701 F.2d 108, 111-12 (10th Cir.1983) (special master's conclusion that jury had reached a compromise verdict was similar to a credibility finding, requiring review of transcript by district court); Cockrham v. South Central Bell Telephone Co., 695 F.2d 143, 145 (5th Cir.1983) (where half of the transcript of the trial conducted before a magistrate was lost by the court reporter, district court review of the magistrate's findings was impossible, requiring new trial).
 
 
 13
 The failure to continue the case so as to allow the Liptaks to present their key witness is an issue presented primarily by affidavits of the parties, a most unsatisfactory basis on which to consider it. Also, the Liptaks argue, and we agree, that the master in his findings did not consider the criteria for issuance of a preliminary injunction. We are satisfied that upon rehearing these problems will not recur.
 
 
 14
 A further word is in order. The Liptaks proceeded without a lawyer even after the case reached this court. They had a right to do this under 28 U.S.C. Sec. 1654 (1982). Nevertheless, most of the procedural difficulties they encountered might well have been averted had they been represented by counsel. This is a difficult case involving many technical questions. If the Liptaks' presentation in the courts below bore any resemblance to the materials filed with this court before the appearance of counsel, it understandably could have resulted more in obfuscation than clarification. It was only after the appearance of counsel in this court that issues were clearly defined and that the procedures we have found to be erroneous were made plain. Thus, the rulings of which the Liptaks complain may well have resulted from the manner in which the case was presented to the master and to the district court--a vigorous advocate on one side and, on the other, individuals without knowledge of procedures or technical issues, plainly at the mercy of the events unfolding about them.
 
 
 15
 We express no opinion as to the ultimate merits of this case. The issues raised deal with the position of Joanne Liptak. We find no error in the dismissal of Frank Liptak. The stay of the sale of the Liptak residence shall be continued until final determination of the case. We retain jurisdiction of this appeal for further proceedings in this court after the rehearing which we here order.
 
 
 16
 We reverse and remand to the district court for further proceedings to commence as we have directed above.
 
 
 
 [1]
 The court's order recites:
 This matter comes before the court upon plaintiffs' application for a preliminary injunction. Pursuant to 28 U.S.C. Sec. 636(b)(2) and Rule 53 of the Fed.R.Civ.P., this matter will be referred to Magistrate Brian P. Short who will serve as a special master. The court specifically finds under Rule 53(b) of the Fed.R.Civ.P. that an expeditious decision in this matter is necessary to further the ends of justice, and that such a decision could not be had without reference to a special master.
 Magistrate Short shall prepare and file a report and recommendation and include therein findings of fact and conclusions of law regarding plaintiffs' application for a preliminary injunction. The Magistrate need not file a transcript of the proceedings and of the evidence and the original exhibits unless specifically ordered by the court or requested by a party. See Rule 53(e)(1) of the Fed.R.Civ.P.
 
 
 [2]
 28 U.S.C. Sec. 636(b)(2) provides:
 A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provision of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.
 
 
 [3]
 Rule 53(b) provides:
 A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it. Upon the consent of the parties, a magistrate may be designated to serve as a special master without regard to the provisions of this subdivision.