**In re ARMCO, INC., AT & T Technologies, Inc., FMC Corporation, and International Business Machines Corporation, Petitioners.**

No. 85–1598.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1985.

Decided July 18, 1985.

See also, D.C., 106 F.R.D. 210.

---

Charles J. O'Connor, Arvey Hodes Costello & Burman, Lawrence A. McHugh, Rooks, Pitts & Poust, Chicago, Ill., Richard E. Schwartz, Collier, Shannon, Rill & Scott, Washington, D.C., Gary L. Whittier, Shook, Hardy & Bacon, Robert H. Freilich, Freilich, Leitner & Carlisle, P.C., F. Kirwan & Michael Elbein, Margolin and Kirwan, Kansas City, Mo., John Cromer & Kenneth Maher, Mishkin, Cromer, Eaglesfield & Maher, Indianapolis, Ind., William T. Session, Lind, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, James Horn, Blackwell, Sanders, Matheny, Weary & Lombardi, James W. Benjamin, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for petitioners.

J. Jeffrey McNealey, Porter, Wright, Morris & Arthur, Columbus, Ohio, S. William Livingston, Jr., Covington & Burling, Washington, D.C., James F. Duncan, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for IBM.

Scott O. Wright, U.S. District Judge, Slagle & Bernard, Kansas City, Mo., for third parties.

Terry L. Karnaze, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for Conservation Chemical.

Robert M. Kroenert, Morrison, Hecker, Curtis & Kuder & Parrish, Kansas City, Mo., for ARMCO.

John Cermak, Washington, D.C., Kenneth Josephson, U.S. Dept. of Justice, Kansas City, Mo., for the U.S.

Jerome T. Wolf, Spencer, Fane, Britt & Brown, Kansas City, Mo., for AT & T Technologies, Inc.

John M. Kilroy, Shughart, Thompson & Kilroy, Kansas City, Mo., for FMC Corp.

Ramon J. Morganstern, Michael J. McKitrick, Barbara Blee Maille, St. Louis, Mo., Robert Presson, Jefferson City, Mo., Margaret M. Mooney, St. Louis, Mo., for Special School District.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Armco, Inc., FMC Corporation, IBM Corporation, and AT & T Technologies, Inc., petition this Court for a writ of mandamus to revoke the authority of the Special Master to prepare a report and recommendation pertaining to liability and remedy in this environmental litigation initiated under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9606(a) and 9607(a). The government's response to the petition for writ of mandamus also urged the revocation of the Special Master's authority to preside at trial. In a separate filing, the district court defended its reference to the master. After a careful review of the materials submitted by all the parties, we uphold the district court's reference to the Special Master, but with specified limitations on the master's authority.

The standard for evaluating references to a master is set out in Fed.R.Civ.P. 53(b), which provides in pertinent part:

A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.

The courts have tended to read the rule somewhat narrowly, closely circumscribing the range of circumstances in which reference to a master is appropriate. In *LaBuy v. Howes Leather*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957), the Supreme Court approved the Seventh Circuit's authority to issue a writ of mandamus requiring a district court judge to vacate his order of reference. The Court rejected as "exceptional circumstances" congestion of the court's docket, complexity of the referred case and anticipated length of trial. The Court noted, however, that "the detailed accounting required in order to determine the damages suffered by each plaintiff might be referred to a master after the court has determined the over-all liability of defendants[.]" *Id.* at 259, 77 S.Ct. at 315. This Court has also restricted the circumstances in which reference is proper: "Beyond matters of account, difficult computation of damages, and unusual discovery, 'it is difficult to conceive of a reference of a nonjury case that will meet the rigid standards of the *LaBuy* decision.'" *Liptak v. United States*, 748 F.2d 1254, 1257 (8th Cir.1984) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2605 at 791 (1971) ).

The principal matter at issue is the scope of the district court's reference to the magistrate; petitioners complain that the circumstances do not justify reference of all pretrial and discovery matters as well as the conduct of trial on the merits, including the preparation of findings of fact and conclusions of law. Although *LaBuy* and *Liptak* limit the authority of the master, *LaBuy* was a case in which a district court had abused its authority to appoint masters. Other cases help ascertain the breadth of his powers within those limits. *California v. Texas*, 459 U.S. 963, 103 S.Ct. 288, 74 L.Ed.2d 274 (1982) (mem.); *Costello v. Wainwright*, 387 F.Supp. 324, 327 (M.D. Fla.1973); *Biechele v. Norfolk & Western Ry.*, 309 F.Supp. 354, 359 (N.D.Ohio 1969).

We believe that the district court erred in granting the master authority to preside at trial on the merits of this case. We also believe, however, that the district court acted properly in granting the master the broad authority to supervise and conduct pretrial matters, including discovery activity, the production and arrangement of exhibits and stipulations of fact, the power to hear motions for summary judgment or dismissal and to make recommendations with respect thereto. If the district court determines that liability rests with some or all of the parties, it may request the master to conduct evidentiary rehearings with respect to damages and alternative relief and make recommendations with respect to these matters. It may also direct the magistrate to monitor and supervise any injunctive relief granted and to make reports to it with respect to compliance with any decrees entered.

Therefore, we issue the writ of mandamus and direct the district court to revise its reference of this case to the master, in accordance with the opinion of this Court.