PACIFIC MARITIME ASSOCIATION

v.

INTERNATIONAL LONGSHORE & WAREHOUSE UNION, et al.

No. CV–98–6051 CAS (MCx).

United States District Court, C.D. California.

Dec. 14, 1998.

**1222**

Geniene B. Stillwell, Irvine, CA, for plaintiff.

Satoshi Yanai, for defendant.

**PROCEEDINGS: DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

SNYDER, District Judge.

## I. FACTUAL BACKGROUND

Plaintiff Pacific Maritime Association ("PMA") is a multiemployer association of shipping, stevedoring and terminal companies which operate out of various ports along the west coast. PMA acts as the bargaining representative for its member employers. Defendants are unions representing longshoremen and marine clerks who are employed by PMA's member employers.

Plaintiff and defendants are parties to a collective bargaining agreement which contains a "no strike" provision.[1] Plaintiff's complaint alleges that defendant has violated this provision on numerous occasions in the past and, while there is no work stoppage currently underway, there is a constant possibility that defendants will violate this provision in the future. Plaintiff is seeking the following relief in an attempt to prevent future work stoppages in violation of the collective bargaining agreement:

1. According to the complaint, the two documents which comprise the collective bargaining agreement between the parties each contain an identical provision which provides

(1) That this court forthwith issue an order directing the parties hereto, that for the life of the current labor agreement, any violation of the no-strike clause may be immediately redressed in this court without preliminary recourse to the grievance or arbitration procedures;

(2) That the court approve and appoint a Special Master who will hear all disputes under the no-strike clause and his decision will be final and binding immediately;

(3) That any disobedience by the [defendants] of the Special Master's orders will be grounds for immediate contempt sanctions against the Union, and personally against its leaders and participating longshoremen;

(4) For a preliminary and permanent Order restraining and enjoining Defendants, and their officers, stewards, business agents, agents, employees and members, and all persons acting on behalf of, or in concert with, any of them from:

    (a) Threatening, instigating, directing, encouraging, participating in or permitting any strike, work stoppage, slowdown or walkout, or any other act in violation of Section 11 of the [collective bargaining agreement] on any date hereinafter;

    (b) For such other injunctive relief, including a temporary restraining order, as may be set forth in Plaintiff's Application for restraining orders;

(5) For an Order requiring Defendants to issue forthwith a notice on Union letterhead, signed by the President[s] of the [defendants] directed to the members, officers, stewards, business agents, agents, employees and members thereof to cease any illegal job action, to cease any action or threats of any action in

that "[t]here shall be no strike, lockout or work stoppage for the life of this agreement." Compl. at 3:22–23.

violation of the collective bargaining agreement, and to effectuate the provisions of any Order issued by this Court, and to rescind any and all notices, orders, directions or requests which were, or are, to the contrary;

(6) For attorneys' fees and costs; and

(7) For such other relief as the Court deems appropriate, including any alternative injunctive relief which would have the effect of protecting the PMA from the repeated, continuous violations of the Union of Section 11 of the [collective bargaining agreement].

Compl. at 18:27–20:3.

Defendants move to dismiss on the grounds that the complaint fails to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Defendants assert that plaintiff's requests for injunctive relief are barred by the Norris–LaGuardia Act, 29 U.S.C. § 104.

## II. STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996).

In a motion pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Cahill,* 80 F.3d at 338; *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). The complaint must be read in the light most favorable to the plaintiff. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.

*Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir. 1991). A court may, however, consider exhibits submitted with the complaint and matters that may be judicially noticed pursuant to Fed.R.Evid. 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279 (9th Cir.1986).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied "when the court determines that other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber.Distrib. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).

## III. ANALYSIS

Under 29 U.S.C. § 104,

[n]o court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing,

whether singly or in concert, any of the following acts: (a) Ceasing or refusing to perform any work . . . .

■ Although the statute appears to create an absolute bar to injunctive relief in cases involving labor disputes, the courts have carved out narrow exceptions, allowing injunctive relief[2] under very narrowly defined circumstances.

■ The first recognized exception to the Norris–LaGuardia bar to injunctive relief is based on the holding in *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). In *Boys Markets*, the Court held that a district court may grant an injunction to prevent a work stoppage where the parties have a collective bargaining agreement which "contains a mandatory grievance adjustment or arbitration procedure" and where the work stoppage is related to an arbitrable dispute. *Id.* at 253–54, 90 S.Ct. 1583. However, the Court expressly states that "[o]ur holding in the present case is a narrow one. . . . [It does not] follow from what we have said that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance." *Id.* What is clearly required for a *Boys Market* injunction to issue is a cognizable arbitrable dispute and "breaches [that] are occurring and will continue, or have been threatened and will be committed." *Id.* at 254, 90 S.Ct. 1583 (adopting language from *Sinclair Refining Co. v. Atkinson*, 370 U.S. 195, 228, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962) (dissenting opinion)).

■ In its opposition to defendants' motion to dismiss, plaintiff has attempted to characterize its complaint as a situation which calls for injunctive relief under the *Boys Markets* exception to the Norris–LaGuardia Act. However, as plaintiff acknowledges, the past work stoppages which are referenced in the complaint were on issues that were not arbitrable. *See* Opp. Brief, at 17:11–17 & n. 9.

Furthermore, plaintiffs have not alleged that there is an arbitrable dispute currently pending which presents the threat of a work stoppage. Simply stated, the complaint alleges that defendants have been involved in a number of work stoppages for a variety of reasons in the past and that plaintiff is concerned that defendants will continue to instigate work stoppages in the future. To prevent this possibility, plaintiffs are essentially requesting a prophylactic injunction which will allow them to circumvent the arbitration procedure provided for in the collective bargaining agreement in the event of any work stoppage by defendants for any reason. This is clearly barred by the Norris–LaGuardia Act, which was enacted to encourage the use of arbitration, and the holding in *Boys Markets* does not save this complaint.[3]

---

2. Although plaintiff attempts to argue that the relief requested in the complaint is noninjunctive, each of the requests for specific types of relief, apart from the request for appointment of a special master and for attorneys' fees, can only be characterized as injunctive in nature. *See, e.g., Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir.1989) ("An injunction may be defined as an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion."). The Court further notes that appointment of a special master is disfavored and only made in rare cases. *See* Fed.R.Civ.P. 53(b); *Burlington Northern R.R. v. Department of Revenue*, 934 F.2d 1064, 1072 (9th Cir.1991) (" 'The courts have tended to read (Rule 53) narrowly, close-ly circumscribing the range of circumstances in which reference to a master is appropriate.' "(quoting *In re Armco*, 770 F.2d 103, 105 (8th Cir.1985))). Plaintiff has cited no authority to support the appointment of a special master in circumstances such as those described in the complaint.

3. Plaintiff cites to *Donovan Constr. Co. v. Construction, Prod. & Maintenance Laborers Union Local 383*, 533 F.2d 481 (9th Cir.1976) for the proposition that prospective injunctions may issue under *Boys Markets* when there is a showing that a work stoppage which has already ended is likely to recur absent an injunction. *See id.* at 484. However, *Donovan* requires a showing that a work stoppage based on a particular arbitrable issue, or one that is "substantially similar" is likely to re-

The other recognized exception to the Norris–LaGuardia bar to injunctive relief is enforcement of arbitration awards. *See, e.g., Oil, Chemical & Atomic Workers Int'l Union, Local No. 4–16000 v. Ethyl Corp.*, 644 F.2d 1044 (5th Cir.1981). However, the complaint does not state a claim under this exception, either, as it fails to identify an arbitration award to be enforced.

Thus, the Court finds that plaintiff's first amended complaint fails to state a claim because it requests relief which is barred by the Norris–LaGuardia Act. Accordingly, defendant's motion to dismiss the first amended complaint is granted, with leave to amend. Plaintiff shall have thirty days from the date of this order to file a second amended complaint, curing any defects noted herein. Should plaintiff fail to timely file a second amended complaint, this action shall be deemed to be dismissed with prejudice.

cur. *See id.* at 486. *Donovan* does not extend to cover the situation plaintiff has alleged which includes plaintiff's concern that defendants may instigate a work stoppage at any time based on a now unidentifiable dispute. The holdings in *Donovan* and *Boys Markets* are designed to facilitate the arbitration process, not supplant it. *See Donovan*, 533 F.2d at 485–86.