UNION CARBIDE CORPORATION, individually and on behalf of and as the successor in interest of Seadrift Polypropylene Company, Plaintiff,

v.

MONTELL N.V.; Montell Polyolefins; Montell North America Incorporated; Montell USA Incorporated; Technipol S.r.l.; Montedison S.p.A.; Montell Finance USA, Inc.; Royal Dutch Petroleum Company, p.l.c.; the Shell Transport and Trading Company, p.l.c.; Shell Petroleum N.V.; the Shell Petroleum Company Limited; Shell Petroleum Inc.; Shell Oil Company; Shell Polypropylene Company; Shell Canada Limited; Shell International Chemical Company Limited; and Shell Internationale Research Maatschappij B.V., Defendants.

No. 95 CIV. 0134(SAS).

United States District Court,
S.D. New York.

May 14, 1998.

As Amended May 15, 1998.

John A. Herfort, Gibson, Dunn & Crutcher LLP, New York City, for Plaintiff.

William C. Slusser, J. Michael Baldwin, Baker & Botts, L.L.P., Houston, TX, Michael A. Lippert, Baker & Botts, L.L.P., New York City, Steven M. Edwards, Davis, Scott, Weber & Edwards, P.C., New York City, for Shell Oil Company and Shell Polypropylene Company.

William C. Pelster, Skadden, Arps, Slate, Meagher & Flom LLP, New York City, Scot B. Hutchins, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC, Robert G. Stachler, Taft, Stettinius & Hollister LLP, Cincinatti, OH, for Montedison S.p.A.

Rory O. Millson, Max. R. Shulman, Katherine B. Forrest, Cravath, Swaine & Moore, New York City, for All Other Defendants.

### AMENDED MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. Nature and Complexity of the Action

Plaintiff Union Carbide Corporation filed a Fourth Amended Complaint in this action on

September 25, 1996. This 118 page document contains sixteen claims for relief, including claims for Sherman Act and Clayton Act violations, breach of contract, breach of fiduciary duty, fraud, tortious interference with contract, tortious interference with prospective contractual relationships, and equitable estoppel. Many of these claims revolve around the parties' transactions in the highly technical field of polypropylene manufacturing. The Complaint requests compensatory, restitutionary, punitive and treble damages, attorney's fees, and permanent mandatory and prohibitory injunctive relief. The parties are all major multinational corporations or their subsidiaries. Hundreds of millions of dollars are potentially at stake. The docket report already contains over 150 entries. In short, this is a highly complex, technical and important case.

## II. Complexity of the Motions and the Prolixity of the Parties' Submissions

Defendants have served motions for summary judgment or partial summary judgment directed at eight of plaintiff's claims. They announced their intention to do so at a conference before the Court held on February 26, 1998. *See* Feb. 26 Transcript at 4. I stated at that time that I anticipated three motions. *See id.* at 9. Defendants said nothing to indicate that this expectation was erroneous. On April 9, however, the Court learned from plaintiff that defendants had served not three but *seven* separate summary judgment motions. Defendants' motions are completely unprecedented in this Court's experience. Defendants filed separate summary judgment motions directed to various claims, rather than a single, partial summary judgment motion directed at the Complaint.

The Court has subsequently received a staggering number of papers regarding these motions. Defendants' statement filed pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") is accompanied by 236 exhibits filling five bound volumes. Plaintiff's response is supported by 314 exhibits contained in eight volumes. Plaintiff has also served, without justification under Rule 56.1, its own, independent 56.1 statement accompanied by 459 exhibits contained in fifteen bound volumes. Thus, in clear derogation of Local Rule 56.1's requirement of a "short and concise" statement of material facts, the court has received twenty-eight volumes containing over 1,000 exhibits. The parties have submitted twelve additional volumes of exhibits in support of, or in opposition to, various motions as well.

The memoranda of law submitted by the parties also warrant comment. Papers filed in support of and in opposition to motions in this Court are not to exceed twenty-five pages. *See* Individual Rules and Procedures 2(e). Reply papers may not exceed ten pages. *See id.* For any one motion then, the parties are limited to sixty pages total. Defendants' multiple submissions have effectively raised this limit to 420. The Shell defendants have exacerbated the burden by filing memoranda with 11 point type, substantial footnotes, and one and a half spaced lines.

## III. The Need for Swift Resolution of the Motions

In reliance on my belief that no more than three motions would be made, I set September 14, 1998 as the date the trial of this action would commence. A three month trial is anticipated. In light of the complexity of the case, the Court requires assistance in order to address all seven motions sufficiently in advance of September 14 to allow the parties adequate pre-trial preparation. It will be impossible to reschedule such a lengthy trial for at least another six months. This case is now more than three years old. Plaintiff, who made no motions, is entitled to a prompt trial, despite its excessive submissions to the Court. Thus, defendants' surprise motions threaten to impose significant and unwarranted prejudice on plaintiff.

## IV. Disregard of this Court's Rules

As noted above, both parties' submissions violate the plain language of Local Rule 56.1.[1]

---

1. Local Rule 56.1 provides, in part:

(a) Upon any motion for summary judgment

They also violate this Court's rules regarding the length of affidavits submitted.[2] Finally, as I have indicated, defendants' multiplicity of motions have effectively eviscerated the Court's rules regarding the length of legal memoranda. Of course, in a case of this size and complexity, I would have agreed to a limited increase in the page limit had such a request been made. Instead, defendants unilaterally raised their limit from 105 pages (for three motions) to 245. This conduct, like plaintiff's conduct in submitting totally inappropriate 56.1 statements, is an affront to this Court's inherent authority to control its own procedures.

## V. Appointment of Special Masters

■ In circumstances such as these, the Court is authorized to seek the assistance of a special master. Fed.R.Civ.P. 53(b) provides that "[i]n actions to be tried by a jury, reference [to a master] shall be made only when the issues are complicated; in actions to be tried without a jury ... a reference shall be made only upon a showing that some exceptional condition requires it." The scope of the reference pursuant to Rule 53 may include a report and recommendation on a motion for summary judgment. *See Nebraska v. Wyoming*, 507 U.S. 584, 586, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 1566 (Fed.Cir.1988); *In re Armco, Inc.*, 770 F.2d 103, 104–05 (8th Cir.1985) ("We believe ... that the district court acted properly in granting the master the ... power to hear motions for summary judgment ...."); *Richardson v. Bedford Place Housing Phase I Associates*, 855 F.Supp. 366, 367 (N.D.Ga. 1994) (special masters appointed pursuant to

Rule 53 have "the authority to make proposed findings of facts and conclusions of law on dispositive motions such as those ... for summary judgment"); *Roberts v. Heim*, No. C–84–8069, 1990 WL 306009, at *3 (N.D.Cal. Aug. 27, 1990) (argument that Rule 53 did not authorize master to make a report on summary judgment motion "finds no support in any authority"). A reference may be made without the consent of the parties. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 72 F.3d 857, 865 (Fed.Cir.1995), *vacated on other grounds*, —— U.S. ——, 117 S.Ct. 1240, 137 L.Ed.2d 323 (1997).

This action is to be tried to a jury; and, as I have discussed, the issues presented are unquestionably complex. Thus, a reference is appropriate. *See Festo Corp.*, 72 F.3d at 865 (citing *Ex parte Peterson*, 253 U.S. 300, 312, 40 S.Ct. 543, 64 L.Ed. 919 (1920)). (appointment of special master to produce a report on technical patent issues in jury action not erroneous).

Even if the non-jury "exceptional condition" standard were applicable, moreover, it would be satisfied in the unusual circumstances of this case. As I have discussed, defendants' surprise service of four additional motions amounts to a blatant end-run around this Court's rules. I believe that one purpose for these voluminous submissions was to cause a delay in the trial of this action. Furthermore, the obvious remedy— requiring the parties to resubmit their papers in compliance with the Court's rules— would lead to delay as well. Finally, no Magistrate Judge of this Court is in a position to issue seven reports and recommendations on these motions quickly enough to preserve the September 14 trial date.[3] Be-

pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.
(b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

**2.** "Affidavits submitted in support of or in opposition to a motion may not exceed ten pages and

may include no more than fifteen exhibits. *When at all possible, only the relevant parts of an exhibit should be included in an affidavit.* A party may not submit more than five affidavits in support of or in opposition to a motion." Individual Rules and Procedures 2(f).

**3.** Under 28 U.S.C. § 636(b)(1)(B), "a judge may ... designate a magistrate to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of this court, of [a summary judgment motion]." *See also Braxton v. City of Providence*, 101 F.3d 106, 106 (1st Cir.1996); Fed.R.Civ.P. 72(b) ("A magistrate judge assigned without consent of the

cause the appointment of a master is therefore necessary to prevent the parties from manipulating the Court's procedural rules and procedures, this case presents an "exceptional condition" that would warrant such an appointment even if it were a non-jury action. *See generally Poster Exchange v. National Screen Serv. Corp.*, 456 F.2d 662, 668 (5th Cir.1972) (parties' improper behavior warranted appointment of master).

## VI. Plaintiff's 56.1 Statements

■ One further issue remains to be addressed. Pursuant to Rule 2(g) of my individual rules, a movant's Local Rule 56.1 statement must "present each asserted fact in an individually numbered paragraph that details and cites the documentary support for that assertion (*e.g.*, deposition, affidavit, letter, etc.)." The Rule further provides that the non-movant's response "must mirror the movant's statement by admitting and/or denying each of the movant's assertions in similarly numbered paragraphs, specifically indicating the relevant documentary support." Plaintiff complied with this requirement in a document entitled Plaintiff Union Carbide Corporation's Response to Defendants' Joint Statement of Material Facts Pursuant to Local Rule 56.1 in Support of Their Motions for Summary Judgment. As noted earlier, however, plaintiff submitted an additional Statement of Material Facts, supported by fifteen volumes containing 459 exhibits, which sets forth a detailed account of defendants' alleged conduct.[4] In addition to its outrageous length, this document is in derogation of both Local Rule 56.1 and this Court's Rule 2(g): It is basically a compendium of the arguments plaintiff plans to make at trial, rather than a short and concise statement of *facts*. Accordingly, plaintiff's Statement of Material Facts is rejected and only those attached exhibits which are referenced in any memoranda of law shall be considered.[5]

## VII. Order

In light of the foregoing, it is hereby

ORDERED that Professor Bernard Black of the Columbia University School of Law and the Hon. Marvin Frankel, a member of the firm of Kramer, Levin, Naftalis and Frankel and former United States District Judge for the Southern District of New York, are appointed Special Masters pursuant to Fed.R.Civ.P. 53; and it is

FURTHER ORDERED that Special Master Black shall submit a Report and Recommendation with regard to defendant Montedison S.p.A.'s motion for summary judgment on plaintiff's third claim for relief, Montedison S.p.A.'s motion for summary judgment on plaintiff's sixth claim for relief, and defendants' motion for summary judgment on plaintiff's antitrust claims on or before June 19, 1998; and it is

FURTHER ORDERED that any objections to the Report of Special Master Black shall be submitted to the Court on or before July 3 to facilitate the Court's *de novo* review of the conclusions reached therein. Such objections may not exceed fifteen (15) double-spaced pages, in 12 point type, and may not include any submission other than a Memorandum of Law; the response to any such objections must be received by July 10. Such response may not exceed ten (10) double-spaced pages, in 12 point type, and may not include any submission other than a Memorandum of Law. No reply Memorandum of Law may be submitted; and it is

FURTHER ORDERED that Special Master Frankel shall submit a Report and Recommendation with regard to Montedison S.p.A.'s motion for summary judgment on plaintiff's eighth claim for relief and defendants' motion for summary judgment on plaintiff's seventh, eighth, and tenth claims for relief on or before June 29, 1998; and it is

FURTHER ORDERED that any objections to the Report of Special Master Frank-

---

parties to hear a pretrial matter dispositive of a claim ... shall promptly conduct such proceedings as are required.").

4. This statement is 86 pages long, and contains 116 paragraphs, most of which are divided into numerous sub-parts.

5. Plaintiff's Statement of Material Facts will be used only in that, when the parties' memoranda cite to portions of it, and those portions refer to attached exhibits, the attached exhibits will be referred to.

el shall be submitted to the Court on or before July 13 to facilitate the Court's *de novo* review of the conclusions reached therein. Such objections may not exceed fifteen (15) double-spaced pages, in 12 point type, and may not include any submission other than a Memorandum of Law; the response to any such objections must be received by July 20. Such response may not exceed ten (10) double-spaced pages, in 12 point type, and may not include any submission other than a Memorandum of Law. No reply Memorandum of Law may be submitted; and it is

FURTHER ORDERED that the Special Masters shall receive compensation for their services herein at $475 an hour, the costs of which compensation are to be borne in equal shares by Plaintiff, the Shell defendants and Montedison; and it is

FURTHER ORDERED that each Special Master shall agree to maintain the confidentiality of all materials submitted by the parties. This agreement shall be evidenced by their signature on the annexed Agreement to be Bound by Amended Stipulation and Protective Order. In addition, each Special Master has determined that he has no conflicts of interest as to any party to this action, or as to entity involved in either the oil or polypropylene business. After full discussion this Court is satisfied that no such conflicts exist. Finally, each Special Master has agreed that only he will work on this assignment and such agreement is hereby incorporated into this Order; and it is

FURTHER ORDERED that plaintiff Union Carbide's Rule 56.1 submission stating its version of material facts not in dispute, and all the exhibits annexed thereto, are hereby rejected because it is in complete violation of Local Rule 56.1. However, to the extent that any exhibit annexed to that submission is referred to in any party's Memorandum of Law, it may be referred to by the Special Masters; and it is

FURTHER ORDERED that all remaining motions shall be retained by the Court.

SO ORDERED.